# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Perry Street Software, Inc.,

     Plaintiff,

     v.

Jedi Technologies, Inc.,

     Defendant.

Civil Action No. 1:20-cv-04539

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
TO STAY CASE PENDING RESOLUTION OF ITS MOTION
<u>TO COMPEL ARBITRATION AND STAY THE CASE</u>**

CHARHON CALLAHAN
ROBSON & GARZA, PLLC

STEVEN CALLAHAN
BRETT CHARHON
MITCHELL SIBLEY

*Counsel for Perry Street Software, Inc.*

October 8, 2020

## <u>TABLE OF CONTENTS</u>

I.      Introduction ............................................................................................................. 1

II.     Relevant Background ............................................................................................. 2

III.    Argument ................................................................................................................ 3

        A.     Good Cause Exists To Stay Discovery And The Case Until
               The Court Resolves Perry's Motion To Compel Arbitration ................................. 3

        B.     The FAA Requires A Stay ........................................................................... 8

IV.     Conclusion .............................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alascom, Inc. v. ITT North Elec. Co.*,
  727 F.2d 1419 (9th Cir. 1984) ................................................6

*Boelter v. Hearst Commc'ns, Inc.*,
  15-CV-03934, 2016 WL 361554 (S.D.N.Y. Jan. 28, 2016) ....................3

*Brockmeyer v. May*,
  98-CV-5221, 1999 WL 191547 (S.D.N.Y. Apr. 6, 1999) ......................4

*Brown v. CMH Mfg.*,
  13-CV-31404, 2014 WL 2973349 (S.D.W. Va. July 2, 2014) .................5

*CIGNA HealthCare of St. Louis, Inc. v. Kaiser*,
  294 F.3d 849 (7th Cir. 2002) ...............................................4

*Coneff v. AT&T Corp.*,
  06-CV-0944, 2007 WL 738612 (W.D. Wash. Mar. 9, 2007) ...................4

*Cuartero v. U.S.*,
  05-CV-1161, 2006 WL 3190521 (D. Conn. Nov. 1, 2006) .....................8

*Cunningham v. Van Ru Credit Corp.*,
  06-CV-10452, 2006 WL 2056576 (E.D. Mich. July 21, 2006) ................4

*Daniels v. Dataworkforce LP*,
  14-CV-00822, 2014 WL 4783670 (D. Colo. Sept. 25, 2014)................5, 7

*Gandler v. Nazarov*,
  94-CV-2272, 1994 WL 702004 (S.D.N.Y. Dec. 13, 1994) ....................8

*Hughes, Hooker & Co. v. Am. Steamship Owners Mut. Protection & Indem. Assoc., Inc.*,
  04-CV-1859, 2005 WL 1384055 (S.D.N.Y. 2005)..............................8

*In re Currency Conversion Fee Antitrust Litig.*,
  M21-95, 2002 WL 88278 (S.D.N.Y. Jan. 22, 2002).............................3

*Intertec Contracting v. Turner Steiner Int'l, S.A.*,
  98-CV-9116, 2001 WL 812224 (S.D.N.Y. July 18, 2001)......................4

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*,
  357 F. Supp. 2d 1277 (D. Colo. 2004)......................................4

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*,
  460 U.S. 1 (1983)........................................................6

*O.N. Equity Sales Co. v. Merkel*,
  07-CV-531, 2008 WL 380573 (M.D. Fla. Feb. 11, 2008) ......................................................4

*Preston v. Ferrer*,
  552 U.S. 346 (2008) .............................................................................................................6

*Range v. 480-486 Broadway, LLC*,
  810 F.3d 108 (2d Cir. 2015) .................................................................................................3

*Rivera v. Heyman*,
  96-CV-4489, 1997 WL 86394 (S.D.N.Y. Feb. 27, 1997) ......................................................6

*Ross v. Bank of Am., N.A.*,
  05-CV-7116, 2006 WL 36909 (S.D.N.Y. Jan. 6, 2006) .........................................................4

*Seguros Banvenez, S.A. v. S/S Oliver Drescher*,
  761 F.2d 855 (2d Cir. 1985) .................................................................................................9

*Simula, Inc. v. Autoliv, Inc.*,
  175 F.3d 716 (9th Cir. 1999) ................................................................................................8

*Snyder v. CACH, LLC*,
  16-CV-00097, 2016 WL 9461794 (D. Haw. Sept. 9, 2016) ...................................................4

*Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*,
  206 F.R.D. 367 (S.D.N.Y. 2002) ....................................................................................5, 6, 7

*Thrower v. Pozzi*,
  99-CV-5871, 2002 WL 91612 (S.D.N.Y. Jan. 24, 2002) .......................................................3

*Transunion Corp. v. PepsiCo, Inc.*,
  811 F.2d 127 (2d Cir. 1987) .................................................................................................5

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ............................................................................................7

**STATUTES**

9 U.S.C. § 3 ...............................................................................................................................8

9 U.S.C. § 4 ...........................................................................................................................5, 8

9 U.S.C. § 16(a)(1) .....................................................................................................................6

Fed. R. Civ. P. 26 ..................................................................................................................3, 5

Plaintiff Perry Street Software, Inc. ("Perry") submits this Memorandum Of Law In Support Of Its Motion To Stay Case Pending Resolution Of Its Motion To Compel Arbitration And Stay The Case (the "Motion"). Perry files the Motion in furtherance of its Motion To Compel Arbitration And Stay The Case (ECF No. 37) ("Motion to Compel Arbitration"), which seeks to compel arbitration of the parties' dispute and to stay this lawsuit until resolution of the arbitration.

## I.    INTRODUCTION

Within weeks of initiating this lawsuit, Perry discovered and Jedi ultimately confirmed that Jedi's counsel signed up for Perry's SCRUFF mobile device software application (the "SCRUFF app") to determine whether to accuse Perry of patent infringement. In doing so, Jedi agreed to Perry's Terms of Service ("TOS"), which contain a mandatory arbitration provision requiring all disputes or claims arising out of or relating in any way to the access to or use of the SCRUFF app to be arbitrated before the American Arbitration Association ("AAA").

Once Jedi acknowledged that it had signed up for Perry's SCRUFF app (and thus agreed to the TOS), Perry diligently initiated arbitration before the AAA as contemplated by the TOS. Perry then filed its Motion to Compel Arbitration, requesting that this Court send the parties' dispute to arbitration as required by the TOS and stay the instant lawsuit. *See* ECF No. 37.

To avoid the significant burden and expense of conducting discovery and participating in other case events in a dispute that belongs in arbitration, Perry now moves this Court for an order staying all discovery and other case deadlines until its Motion to Compel Arbitration is resolved. Allowing this lawsuit to proceed through discovery before the threshold arbitration issues are decided would be inconsistent with the Federal Arbitration Act ("FAA") and frustrate the purpose of the parties' arbitration agreement. And Jedi, as a non-practicing entity, will not suffer

prejudice by a stay of the case for the time needed for the Court to resolve the arbitration issue. Because the Court has yet to resolve whether the parties must litigate their claims here or in arbitration, discovery concerning the merits is premature, and the Court should stay the case pending a decision on Perry's Motion to Compel Arbitration.

## II.   RELEVANT BACKGROUND

On June 12, 2020, approximately two weeks after receiving a letter from Jedi accusing Perry of patent infringement, Perry filed the instant lawsuit seeking a declaration of non-infringement. ECF No. 1. Thereafter, Perry discovered that Jedi's counsel signed up for Perry's SCRUFF app to determine whether to accuse Perry of patent infringement.[1] Because all users that sign up for Perry's SCRUFF app must agree to Perry's TOS, which contain an arbitration provision, Perry concluded that Jedi agreed to the TOS.[2]

Based on this information, Perry promptly filed its Amended Complaint on July 24, 2020. ECF No. 21. The Amended Complaint contains a request that the Court require the parties to arbitrate their dispute and to stay this lawsuit until such arbitration occurs in accordance with Perry's TOS. *Id.*, ¶ 26. In its Answer, Jedi acknowledged, for the first time, that its "counsel viewed Perry's SCRUFF iOS application on or about March 30, 2020." ECF No. 24 ¶ 10. With Jedi con-

---

[1]   Perry's Memorandum In Support Of Its Motion To Compel Arbitration And Stay The Case sets forth a detailed summary of Perry's investigation (along with a supporting declaration), which enabled Perry to conclude that Jedi's counsel signed up for Perry's SCRUFF app. *See* ECF No. 38 at 2-6. Perry incorporates such facts by reference as if fully set forth herein.

[2]   The TOS read, in relevant part, that "any dispute or claim arising out of or relating in any way to these terms or your access to or use of the Service . . . shall be resolved by binding arbitration rather than in court." ECF No. 38-7 (Terms of Service), § 17 (capitalization omitted). The "Service" is defined to include "any mobile device software application owned, controlled or offered by Perry Street Software" or "any other mobile or web services owned, controlled or offered by Perry Street Software[.]" *Id.*, § 1. As such, the "Service" includes Perry's SCRUFF and Jack'd apps, both of which Jedi accuses of infringement. *See, e.g.*, ECF No. 38-1 (Silverberg Decl.) ¶ 23; ECF No. 24 (Jedi's Answer and Counterclaim) ¶¶ 12, 130.

firming what Perry had come to conclude, Perry promptly (i.e., on August 31, 2020) initiated ar-

bitration before the AAA. *See* ECF No. 38-8 (Demand for Arbitration). On September 21, 2020,

Perry filed its Motion to Compel Arbitration. *See* ECF No. 37. The Motion to Compel Arbitra-

tion remains pending.

## III.   ARGUMENT

### A.   Good Cause Exists To Stay Discovery And The Case Until The Court Resolves Perry's Motion To Compel Arbitration

The Court has inherent authority to control its docket and stay cases. *See, e.g.*, *Range v.*

*480-486 Broadway, LLC*, 810 F.3d 108, 113 (2d Cir. 2015) ("[A] district court possesses inher-

ent authority to control the disposition of the causes on its docket and has power to stay an action

as an incident of that authority[.]") (citation and quotations omitted). Pursuant to Rule 26(c) of

the Federal Rules of Civil Procedure, a district court may stay discovery upon a showing of

"good cause" to protect a party from "undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A); *see*

*also Thrower v. Pozzi*, 99-CV-5871, 2002 WL 91612, at *7 (S.D.N.Y. Jan. 24, 2002) (quoting

*Siemens Credit Corp. v. Am. Transit Ins. Co.*, 00-CV-0880, 2000 WL 534497, at *1 (S.D.N.Y.

May 3, 2000)). This Court may also control the timing and sequence of discovery pursuant to

Federal Rule of Civil Procedure Rule 26(d). Based on these provisions, courts in this district

have held that "[g]ood cause may be shown where a party has filed a dispositive motion, the stay

is for a short period of time, and the opposing party will not be prejudiced by the stay." *Boelter v.*

*Hearst Commc'ns, Inc.*, 15-CV-03934, 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016) (citing

*Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y.

2002)). Courts further find "that a stay of discovery is appropriate pending resolution of a poten-

tially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated an-

other way, 'do[es] not appear to be without foundation in law.'" *In re Currency Conversion Fee*

*Antitrust Litig.*, M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991)).

Indeed, courts in this district routinely impose stays of discovery pending the outcome of a motion seeking to compel arbitration. *See, e.g.*, *Intertec Contracting v. Turner Steiner Int'l, S.A.*, 98-CV-9116, 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court."); *Ross v. Bank of Am., N.A.*, 05-CV-7116, 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) ("In view of the threshold issues concerning arbitration, this Court concludes that a stay of discovery is appropriate."); *Brockmeyer v. May*, 98-CV-5221, 1999 WL 191547, at *2 (S.D.N.Y. Apr. 6, 1999) (noting that the court previously issued a stay of all discovery until it decided the motion to stay pending arbitration).[3]

---

[3]     Courts nationwide likewise have disallowed discovery concerning the merits until after the resolution of a motion to compel arbitration. *See, e.g.*, *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002) ("CIGNA has one good point: the state judge's refusal to stay discovery on the merits of the providers' breach of contract claims until the issue of arbitrability is resolved puts the cart before the horse. If a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators—indeed, for the sake of economy and in contrast to the practice in adjudication, parties to an arbitration do not conduct discovery; the arbitrators do."); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004) ("[T]he court finds good cause for Defendant's requested stay. While the court has no reason to address the ultimate merits of the parties' respective positions on the scope and applicability of the arbitration provision at issue, I find that the interests of judicial economy would be advanced by staying discovery in this action pending a decision on Defendant's dispositive motion."); *Coneff v. AT&T Corp.*, 06-CV-0944, 2007 WL 738612, at *2 (W.D. Wash. Mar. 9, 2007) (issuing protective order barring merits discovery pending resolution of motion to compel arbitration); *Cunningham v. Van Ru Credit Corp.*, 06-CV-10452, 2006 WL 2056576, at *2 (E.D. Mich. July 21, 2006) (staying merits discovery pending resolution of motion to compel arbitration); *O.N. Equity Sales Co. v. Merkel*, 07-CV-531, 2008 WL 380573, at *1 (M.D. Fla. Feb. 11, 2008) (staying discovery of action pending resolution of motion to compel arbitration); *Snyder v. CACH, LLC*, 16-CV-00097, 2016 WL 9461794, at *2 (D. Haw. Sept. 9, 2016) ("the parties should not be required endure the expense of that discovery" during pendency of motion to compel arbitration).

The Court should stay the case, including discovery, pending resolution of Perry's Motion to Compel Arbitration for several reasons. ***First***, any discovery in this action would be burdensome given Perry's pending Motion to Compel Arbitration, which, if granted, would result in the parties' claims being stayed pending completion of arbitration or dismissed in their entirety. *See* 9 U.S.C. §§ 3, 4. The Second Circuit has held that good cause exists for staying discovery under Rule 26(c) where a potentially dispositive motion is pending, because otherwise defendants may be unduly burdened by having to respond to discovery on a claim that cannot survive dismissal. *See, e.g.*, *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (upholding trial court's decision to stay discovery on *forum non conveniens* motion because "[r]equiring extensive investigation would defeat the purpose of [the] motion") (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981)); *Spencer Trask*, 206 F.R.D. at 368 (staying discovery pending Rule 12(b)(6) motion to dismiss because "proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources"). Indeed, courts have held that, in the specific context of pending arbitration motions, ***any*** discovery into merits issues is unduly burdensome. *See, e.g.*, *Daniels v. Dataworkforce LP*, 14-CV-00822, 2014 WL 4783670, at *3 (D. Colo. Sept. 25, 2014) (staying discovery pending resolution of motion to compel arbitration, because "[a]lthough . . . [p]laintiff has only sought a response to a single interrogatory, the court finds that even that interrogatory is burdensome and premature in light of the [pending motion]"); *Brown v. CMH Mfg.*, 13-CV-31404, 2014 WL 2973349, at *2 (S.D.W. Va. July 2, 2014) (staying discovery and issuance of scheduling order pending resolution of motion to compel arbitration).

Concerns about undue burden and waste are particularly acute where parties have agreed to arbitrate as the "prime objective of an agreement to arbitrate is to achieve streamlined pro-

ceedings and expeditious results." *Preston v. Ferrer*, 552 U.S. 346, 357-58 (2008) (citation and quotations omitted). In furtherance of that goal, it is the "clear intent" of the FAA "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 22 (1983). To require the parties to proceed with the action pending a ruling on the motion to compel arbitration would cause the party seeking to enforce the arbitration clause to be "deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes." *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984). Thus, allowing Jedi to conduct extensive (and expensive) discovery in this case when the threshold arbitration issue has yet to be resolved would frustrate these objectives, requiring both parties to expend significant time and resources on a lawsuit when the parties agreed to resolve this dispute in a streamlined arbitration proceeding.

**Second**, granting a stay of the case, including discovery, pending resolution of Perry's Motion to Compel Arbitration would not prejudice Jedi. *Spencer Trask*, 206 F.R.D. at 368 (stay would "neither unnecessarily delay the action nor prejudice the plaintiffs"); *Rivera v. Heyman*, 96-CV-4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."). Indeed, if the Court stays discovery and resolves the Motion to Compel Arbitration against Perry, the only "prejudice" Jedi will have suffered is a de-

6

lay in conducting discovery.[4] *Spencer Trask*, 206 F.R.D. at 368 (quoting *Rivera*). Further, as Jedi is a non-practicing entity, monetary damages (assuming Jedi could prevail on infringement and validity issues) could serve to make it whole due to any purported delay. *See, e.g.*, *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014) (stay of patent case does not diminish monetary damages, only "delays realization of those damages").

By contrast, if discovery proceeds and the Court grants Perry's Motion to Compel Arbitration, the parties and this Court will have wasted substantial resources, and the purpose of the parties' arbitration agreement will have been severely undermined, if not defeated altogether. *See Daniels*, 2014 WL 4783670, at *2 (noting that "Plaintiff's interest is outweighed by the burden Defendant would face if forced to proceed with discovery," and "the potential waste of judicial resources that would result from allowing discovery to proceed, only to have the case subsequently dismissed in its entirety on the grounds raised in the Motion to Dismiss").

***Third***, Perry need only show that the Motion to Compel Arbitration "appears to be not unfounded in the law" or that it "appear[s] to have substantial arguments" to warrant a stay. *Spencer Trask*, 206 F.R.D. at 368 (internal quotations omitted). Here, Perry's Motion to Compel Arbitration far surpasses that low bar. *See* ECF No. 38. The Motion to Compel Arbitration is supported by detailed evidence and a sworn declaration showing that Jedi's counsel accepted Perry's TOS therefore binding Jedi to the arbitration provision contained therein. *Id.* at 7-11. The Motion to Compel Arbitration also explains that the arbitration provision is valid and enforceable, and that the parties' dispute falls within the scope of the arbitration provision. *See id.* at 7-

---

[4]    And even that temporary delay is unlikely to cause any prejudice, especially when one considers that the FAA allows for an immediate interlocutory appeal of a denial of a motion to compel arbitration. *See* 9 U.S.C. § 16(a)(1). In other words, even if Jedi prevails before this Court, it would still have to prevail before the appellate court for this case to properly proceed to trial (as opposed to arbitration).

11, 13-15. Further, the Motion to Compel Arbitration demonstrates the unpersuasiveness of Jedi's arguments against arbitration. *Id.* at 15-22.

Perry need not, however, convince this Court that its Motion to Compel Arbitration will succeed for the Court to grant a stay of the case. The Court need only find that the Motion to Compel Arbitration "is potentially dispositive, and appears to be not unfounded in the law." *Gandler v. Nazarov*, 94-CV-2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 13, 1994); *see also Cuartero v. U.S.*, 05-CV-1161, 2006 WL 3190521, at *2 (D. Conn. Nov. 1, 2006) (granting motion to stay discovery while noting that "the court expresses no opinion as to the outcome of the Motion to Dismiss, but the defendant's memorandum of law does appear to raise substantial issues based on statutes, case law and the facts of this case"). Thus, this factor weighs heavily in favor of granting a stay because Perry's Motion to Compel Arbitration is well founded in law and fact and, if granted, will result in the parties resolving their claims in arbitration.

### B. The FAA Requires A Stay

This Court should enter the requested stay for the additional reason that the FAA prohibits merit-based discovery at present. Federal law is clear that, if "any issue referable to arbitration under an agreement in writing for such arbitration" is before the court, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]" 9 U.S.C. § 3. Federal courts construing 9 U.S.C. § 3 have held that a court "has no discretion to deny a stay if a valid agreement to arbitrate exists and the claims at issue come within the scope of that agreement." *Hughes, Hooker & Co. v. Am. Steamship Owners Mut. Protection & Indem. Assoc., Inc.*, 04-CV-1859, 2005 WL 1384055, at *4 (S.D.N.Y. 2005) (citing *Ace Capital Re. Overseas, Ltd. v. Central United Life Ins. Co.*, 307 F.3d 24, 28-29 (2d Cir. 2002)).

Further, while a party's motion to compel arbitration is pending, Section 4 of the FAA limits the court's jurisdiction to determining only "whether a written arbitration agreement exists[.]" *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719-20 (9th Cir. 1999). The FAA allows a court to take up "only issues relating to the making and performance of the agreement to arbitrate." *Id.* at 36 (citing *Prima Point Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967)); *see also Seguros Banvenez, S.A. v. S/S Oliver Drescher*, 761 F.2d 855, 862 (2d Cir. 1985) (citing *Prima Point*). As such, the Court should stay discovery and the case concerning all merits-based issues pursuant to the FAA's mandate.

## IV.    CONCLUSION

For these reasons, Perry respectfully requests that the Court stay the case, including discovery, until the resolution of Perry's Motion to Compel Arbitration.

Dated: October 8, 2020                        Respectfully submitted,

STEVEN CALLAHAN
  scallahan@ccrglaw.com
BRETT CHARHON
  New York State Bar No. 4770731
  bcharhon@ccrglaw.com
MITCHELL SIBLEY
  msibley@ccrglaw.com
**CHARHON CALLAHAN
ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Telecopier: (214) 764-8392

*Counsel for Plaintiff Perry Street Software, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed on October 8, 2020 using the Court's ECF system which will send a Notice of Electronic Filing to Jedi's counsel of record.

STEVEN CALLAHAN

10