IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PERRY STREET SOFTWARE, INC.,<br><br>      Plaintiff-Counterclaim Defendant,<br><br>   v.<br><br>JEDI TECHNOLOGIES, INC.<br><br>      Defendant-Counterclaim Plaintiff. | Case No. 1:20-cv-04539(CM)<br><br>**DEFENDANT JEDI TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE** |

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................................ 1

II.   ARGUMENT .............................................................................................................. 1

    A.    The Response "A Document 'Speaks For Itself'" In An Answer Is Improper ........ 2

    B.    Perry's "General Denial" Does Not Cure the Deficiencies in Perry's Responses ... 4

    C.    Perry's "Speaks For Itself" Responses Will Result In Needless Discovery ............ 8

    D.    Perry's "Alternative" Request For Leave To Amend Should Be Denied ................ 9

III.  CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IPSI 12559 v. SSDD, LLC*, 2013 WL 6801832 (E.D. Mo. Dec. 23, 2013)...................................2, 3

*Do It Best Corp. v. Heinen Hardware, LLC*,
2013 WL 3421924 (N.D. Ind. July 8, 2013).............................................................6

*F.D.I.C. v. Stovall*,
2014 WL 8251465 (N.D. Ga. Oct. 2, 2014) ....................................................2, 6, 9

*Graham Eng'g Corp. v. Adair*,
2018 WL 1907063 (M.D. Pa. Apr. 23, 2018)..........................................................5, 8, 9

*Hobbs v. Employers Mut. Cas. Co.*,
2018 WL 1221166 (D.S.D. Mar. 8, 2018) ...............................................................3

*Live Nation Worldwide, Inc. v. GTA, Inc.*,
2007 WL 1489761 (S.D.N.Y. May 18, 2007) ........................................................4

*McGrath v. Godshalk*,
2007 WL 2746865 (N.D. Ind. Sept. 18, 2007) ....................................................5, 6

*Mortensen v. Mortg. Elecs. Registration Sys., Inc.*,
2010 WL 3339492 (S.D. Ala. Aug. 23, 2010) ........................................................4

*N. Indiana Metals v. Iowa Exp., Inc.*,
2008 WL 2756330 (N.D. Ind., July 10, 2008)......................................................2, 5

*State Farm Mut. Auto. Ins. Co. v. Riley*,
199 F.R.D. 276 (N.D. Ill. 2001)..............................................................................2

*Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*,
2015 WL 5730662 (N.D. Ind. Sept. 30, 2015) .......................................................5

**Rules**

Fed. R. Civ. P. 8..............................................................................1, 2, 3, 5, 9, 10

## I. INTRODUCTION

Perry's responses are improper under Rule 8(b), which requires that a party admit or deny the allegations asserted against it. Prior to filing its Motion to Strike, Jedi wrote a letter asking Perry to amend its Answer to comply with Rule 8(b) and avoid burdening the Court with this Motion. Dkt. No. 33-1 (Sept. 11, 2020 Letter Jedi to Perry). In its letter, Jedi specifically identified the individual paragraphs at issue and explained why Perry's responses were inadequate. *Id.* at 2. Perry did not agree to amend. Dkt. No. 33-2 (Sept. 15, 2020 Letter Perry to Jedi). Perry now states that "[a]ny legitimate complaints that Jedi had with Perry's answer should have been handled between the parties without bothering the Court." Dkt. No. 39 (Perry Mem.) at 1. But that was exactly the purpose of Jedi's letter. Had Perry wished to resolve this issue without burdening the Court, Perry should have responded with a good faith offer to amend its Answer, rather than circuitously requesting that Jedi identify "a specific question or concern about any particular statement in Perry's Answer"—which Jedi had already thoroughly done in its September 11 letter. Dkt. No. 33-2 (Sept. 15, 2020 Letter Perry to Jedi) at 1. As explained in Jedi's opening memorandum (Dkt. No. 32) and herein, the Court should strike Perry's improper responses and deem Jedi's corresponding allegations admitted under Rule 8(b)(6).

## II. ARGUMENT

The Court should strike Perry's responses at paragraphs 31, 37, 39, 41, 43, 46, 49, 50, 55, 56, 76, 78, 79, 81, 83, 85, 86, 103, 104, 106, 107, 108, and 113 of Perry's Answer. Dkt. No. 29 (Answer to Countercl.). The statement that a "document speaks for itself," even in combination with Perry's ineffective general denial in the preamble of its Answer, is evasive and ambiguous and will burden Jedi with unnecessary discovery. Additionally, the Court should not grant Perry's request for leave to amend because Perry already declined its chance to amend.

### A.     The Response "A Document 'Speaks For Itself'" In An Answer Is Improper

Perry describes its reliance on the "document speaks for itself" as a "a routine and common practice that probably occurs thousands of times each day in United States litigation." Dkt. No. 39 (Perry Mem.) at 2. Jedi doubts that is the case, considering district courts across the United States have found these responses to be wholly improper. *See, e.g., F.D.I.C. v. Stovall*, 2014 WL 8251465, at *11 (N.D. Ga. Oct. 2, 2014) ("A pox upon these words. They have no place in a proper response-whether it be made in response to discovery requests or an allegation in a complaint or counterclaim."); *Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IPSI 12559 v. SSDD, LLC*, 2013 WL 6801832, at *6 (E.D. Mo. Dec. 23, 2013) ("SSDD shall avoid the use of colloquialisms and surplusage such as that a 'document speaks for itself' …, as Rule 8(b) provides no basis for such responses."); *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001) ("This [c]ourt has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice)—but until some such writing does break its silence, this [c]ourt will continue to require pleaders to employ one of the three alternatives that are permitted by Rule 8(b) …."). "There are only three appropriate responses to a pleading: an admission, a denial, or a statement that the party lacks knowledge or information sufficient to form a belief about the truth of the allegation." *Stovall*, 2014 WL 8251465, at *11 (citing Fed. R. Civ. P. 8(b)(1)(B), (b)(5)). That a document "speaks for itself" is not an explicit admission or denial, nor is it a statement that Perry lacks knowledge or information sufficient to form a belief about the truth of allegations. *See N. Indiana Metals v. Iowa Exp.*, Inc., 2008 WL 2756330, at *3 (N.D. Ind. July 10, 2008) (finding that a "response that the document speaks for itself could either be interpreted as an admission or denial…"). Instead, it creates ambiguity as to whether the

2

respondent agrees with an allegation regarding what a document says or how it is interpreted. Thus, Perry's responses averring a document "speaks for itself" are improper under Rule 8.

Perry repeatedly chides Jedi's authority as "non-binding," but Perry could provide only three non-binding decisions from district courts in the Eight Circuit to support its own position. The overwhelming majority of courts, however, have found "document speaks for itself" responses improper, as shown by the myriad of cases cited in Jedi's opening brief. So, too, should the Court find here. Perry also contends that "Jedi's Motion is also silent on the fact that *Hobbs* considered and rejected the approach urged by Jedi." Dkt. No. 39 (Perry Mem.) at 9. But, Perry fails to elucidate the basis for the *Hobbs* decision. The *Hobbs* court only considered approaches from within the Eighth Circuit explicitly discussing only the decisions in *Thornburg* and *Certain Underwriters*. *Hobbs v. Employers Mut. Cas. Co.*, 2018 WL 1221166, at *3 (D.S.D. Mar. 8, 2018).

Critically, Perry fails to distinguish the approach in *Certain Underwriters*, which stands for the proposition that stating a document "speaks for itself" adds nothing to an answer and does not conform to Rule 8(b)'s requirement that a responding party admit or deny allegations. *Certain Underwriters at Lloyd's*, 2013 WL 6801832, at *5. Per the *Certain Underwriters* court, a party "must either admit, deny, or state in good faith that it lacks sufficient information and knowledge to form a belief as to the truth of the allegation … [and] shall avoid the use of colloquialisms and surplusage such as that a document 'speaks for itself'…." *Id.* at *13. The *Hobbs* court distinguished the *Certain Underwriters* approach based on the fact that the defendant in *Certain Underwriters* "had access to the disputed documents …." *Hobbs*, 2018 WL 1221166, at *3 ("Unlike *Certain Underwriters*, Plaintiff presents no evidence that Defendant possesses the conversations or correspondence at issue in those allegations."). Here, all the documents at issue are available to

3

Perry and, in fact, a majority of the documents, screenshots, and websites at issue are *Perry's own*. The circumstances here are comparable to those in *Certain Underwriters*, not those in *Hobbs*.

Finally, Perry relies on *Live Nation Worldwide, Inc. v. GTA, Inc.* because this Court stated that the defendant "correctly admitted that the [document] 'speaks for itself' because it is unambiguous concerning [the defendant's] obligations." 2007 WL 1489761, at *5 (S.D.N.Y. May 18, 2007). But, this Court did not address whether a document "speaks for itself" response is proper, as that specific issue was not before the Court. The document at issue in that case was a Guaranty which the defendant did not contest entering into with the plaintiff. *Id.* at *1. Accordingly, the Court treated the responses that a document "speaks for itself" as admissions for the purpose of summary judgment as to the defendant's unambiguous obligations under the Guaranty. *Id.* at *5. Applying the *Live Nation Worldwide* analysis here, the parties and Court should treat any of Perry's responses that a document "speaks for itself" as admitting the allegation, which is part of the relief Jedi is seeking.

### B. Perry's "General Denial" Does Not Cure the Deficiencies in Perry's Responses

Perry also relies on an attempted general denial of the allegations in the preamble of its 20-page Answer to remedy its repeated use of the insufficient response that a document "speaks for itself." In particular, Perry states that "if Jedi is not willing to accept that a document 'speaks for itself,' it may instead rely on Perry's statement that '[a]ll allegations of the Counterclaim not expressly admitted or not specifically responded to by Perry are denied.'" Dkt. No. 39 (Perry Mem.) at 1. Perry's improper attempt at a general denial in the preamble of a 20-page, 134-paragraph Answer rather within specific responses only amplifies the ambiguity.

"General denials are almost always improper under the Federal Rules of Civil Procedure." *Mortensen v. Mortg. Elecs. Registration Sys., Inc.*, 2010 WL 3339492, at *2 n.7 (S.D. Ala. Aug.

4

23, 2010). "[T]his form of pleading fell into disfavor with many courts and commentators because of its essentially evasive and uninformative quality." C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1265 (3d ed.). Rule 8(b)(3) permits a party to generally deny the allegations of a pleading in only two scenarios: (1) when a party "intends in good faith to deny all the allegations of a pleading" or (2) when a party intends to "generally deny all [the allegations] except those specifically admitted." Fed. R. Civ. P. 8(b)(3); *see McGrath v. Godshalk*, 2007 WL 2746865, at \*12 (N.D. Ind. Sept. 18, 2007). Perry appears to rely on the latter option. But it is not clear whether Perry is "specifically admitting" or denying an allegation where Perry has responded that a document "speaks for itself." *See N. Indiana Metals*, 2008 WL 2756330, at \*3 ("[A] response that the document speaks for itself could either be interpreted as an admission or denial and does not directly respond..."). Therefore, Rule 8(b)(3) is of no help to Perry. Moreover, Rule 8(b)(3) permits a party to "generally deny all [allegations] ***except those specifically admitted***." Fed. R. Civ. P. 8(b)(3) (emphasis added). In the preamble of its Answer, Perry denies "[a]ll allegations of the Counterclaim not expressly admitted or ***not specifically responded to*** by Perry…." Dkt. No. 29 (Answer to Countercl.) at 1 (emphasis added). This adds ambiguity because, again, it begs the question of whether Perry considers its statement that a document "speaks for itself" a "specific response," and thus, whether its purported general denial applies.

Courts agree that a general denial does not remedy an evasive document "speaks for itself" response. "The bare assertion that a document speaks for itself … falls short of the requirements of Rule 8(b)—even when followed by a general denial." *Graham Eng'g Corp. v. Adair*, 2018 WL 1907063, at \*2 (M.D. Pa. Apr. 23, 2018). Even a subsequent equivocal denial within the same individual response does not remedy the insufficient response that a document "speaks for itself." *Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, 2015 WL 5730662, at \*3 (N.D. Ind. Sept.

5

30, 2015) ("… in stating that the document 'speaks for itself' and '[t]o the extent that further response may be required, the paragraph is denied,' Hartford Iron could be denying none, some, or all of the paragraph. Valley Forge and the Court are left to wonder which it is.); *McGrath*, 2007 WL 2746865, at *12 ("Everest answered a series of allegations with just the statement, 'The policy speaks for itself.' … Everest's suggestion that its use of a [subsequent] general denial cures this deficiency is not accurate."). This type of response "obscures what, if any, portion of the allegation the denial covers. This is more than a pedantic qualm; including the statement that the document speaks for itself can have significant consequences. Like general objections to discovery requests, the prefatory non-response obscures the value of the denial or admission." *Stovall*, 2014 WL 8251465, at *11. "[T]here is a real question about whether [d]efendants' denials were impermissibly based on the belief … that the documents speak for themselves." *Do It Best Corp. v. Heinen Hardware*, LLC, 2013 WL 3421924, at *5 (N.D. Ind. July 8, 2013).

Specific examples further demonstrate how Perry's response that a document "speaks for itself"—even in combination with its improper general denial—lead to ambiguity. For example, in paragraph 81 of its Counterclaim, Jedi alleges that "Perry also stores search preferences and states 'your search criteria will be retained, when closing SCRUFF,'" the latter of which is a direct quote from Perry's materials. Dkt. No. 24 (Jedi's Countercl.) at ¶81. In response, Perry states, "Responding to Paragraph 81, Perry states that Scruff Support site speaks for itself." Dkt. No. 29 (Answer to Countercl.) at ¶81. Perry's response evades answering both the unquoted and quoted allegations, ignoring that the unquoted allegation is not tied to any document. Worse, in paragraph 103, Jedi alleges that "Perry collects its members' location information from the members' mobile devices." Dkt. No. 24 (Jedi's Countercl.) at ¶103. However, in responding, Perry states that "Perry's Privacy Policy speaks for itself," despite the fact that Jedi's paragraph 103 makes no

6

mention of Perry's Privacy Policy. Dkt. No. 29 (Answer to Countercl.) at ¶103. Perry's general denial further states that "[a]ll allegations of the Counterclaim not ***expressly admitted*** or not ***specifically responded*** to by Perry are denied." Dkt. No. 29 (Answer to Countercl.) at 1 (emphasis added). Not only is it unclear whether the statement that "[a document] speaks for itself" is an admission, a denial, or a "specific" response, but it is also ambiguous as to *which portions* of these allegations Perry is expressly admitting, generally denying, or specifically responding to. In other words, Perry's responses obscure what, if any, portions of the allegations its general denial covers. Accordingly, because Perry's responses are ambiguous and evasive, they are improper.

Across its argument, Perry exaggerates that Jedi's allegations constitute an "ambush" simply where they allege facts that may have a bearing on infringement. *See* Dkt. No. 39 (Perry Mem.) at 10-12. Notably, in this briefing, Perry claims that Jedi mischaracterizes certain documents. *See* Dkt. No. 39 (Perry Mem.) at 7-10. For example, in one instance referencing Jedi's allegations in paragraphs 49, 50, 55, and 56, Perry states, "Jedi's characterization of communications between the parties are denied." Dkt. No. 39 (Perry Mem.) at 10. Yet, in its Answer, Perry merely stated that each document "speaks for itself." Dkt. No. 29 (Answer to Countercl.) at 6. Perry's "ambush" assertions precisely illustrate and highlight that Perry's responses are evasive *by design*. Why is it that Perry is able to deny a characterization in its Opposition, but not in its Answer? Jedi's allegations consist of verifiable facts that should have been admitted by Perry. To the extent Perry disagrees with what it contends are characterizations by Jedi, it should have responded accordingly, instead of wasting the parties' and the Court's time and resources with its deliberately ambiguous responses.

Furthermore, what Perry has characterized as an "ambush" is really Jedi's attempt at narrowing basic issues of fact regarding how Perry's applications operate. Contrary to Perry's

7

argument, the pleadings are an appropriate place to do so. *See* C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1202 (3d ed.) (stating that one function of pleadings is "narrowing the issues that must be litigated"). That an allegation may bear on infringement does not shield Perry from answering in a direct and non-evasive manner. Perry has cited no authority to the contrary. Also, Perry's complaints regarding the lack of claim construction are illusory with respect to the allegations to which it has responded that a document "speaks for itself." For example, Perry identifies paragraphs 78 and 79 of Jedi's Counterclaim. Dkt. No. 39 (Perry Mem.) at 11-12. Each paragraph concerns Perry's own statements in its Privacy Policy. Dkt. No. 24 (Jedi's CounterCl.) at ¶¶78-79. Perry cannot seriously contend that it requires claim construction to confirm or deny that it either made a directly-quoted statement or that Jedi accurately characterized it.

Finally, Perry's gratuitous arguments regarding subject matter eligibility fail to address why Perry cannot properly admit or deny Jedi's assertions regarding the '918 patent and its prosecution history. Jedi's eligibility allegations are appropriate, and Perry should provide responses that are proper under the Federal Rules and overwhelming majority of cases. Of course, Jedi believes that the '918 patent claims eligible subject matter—as the patent examiner found after close scrutiny. If Perry believed in good faith that it could deny any of Jedi's assertions that relate to subject matter eligibility, it should have denied them.

### C. Perry's "Speaks For Itself" Responses Will Result In Needless Discovery

Perry's evasive document "speaks for itself" responses—in combination with its purported general denial—are ambiguous and preclude Jedi from relying on Perry's Answer throughout the litigation, burdening Jedi with unnecessary discovery. "A defendant should respond to a complaint in such a way that a plaintiff will not be burdened with 'ferret[ing] out a straightforward answer.'" *Adair*, 2018 WL 1907063, at *2 (quoting *Sinclair Cattle Co., Inc. v. Ward*, 2015 WL 6125260, at

8

\*3 (M.D. Pa. Oct. 16, 2015)). A "document speaks for itself" response has this unwelcome effect:

> The practical implication of these pseudo-responses is that a party must request much broader discovery because the opposing party did not really admit anything. Not only does this needlessly increase the costs of litigation—something that this court strives to avoid—but the discovery process may devolve into a battle royale of broad requests against worthless responses. At this juncture, the "document speaks for itself" line may reappear as a faux-answer to a request for admission or interrogatory where it will be equally unwelcome. … [T]he exercise is a waste of the parties' money and scarce judicial resources.

*Stovall*, 2014 WL 8251465, at \*12; *see also Adair*, 2018 WL 1907063, at \*1 ("A party is prejudiced when the challenged pleading 'confuses the issues' or places an undue burden on the responding party.") (quoting *Karpov v. Karpov*, 307 F.R.D. 345, 348 (D. Del. 2015)). Perry's responses do not provide any meaningful information to Jedi. This will lead to unnecessary discovery to extract admissions from Perry that should have been provided in Perry's Answer. Perry appears to concede this by suggesting that it need not admit or deny Jedi's allegations concerning the parties' pre-suit dealings because "discovery concerning pre-suit communications, if relevant to notice, willfulness, or some other issue in the case, are properly the subject of discovery, not pleadings." Dkt. 39 (Perry Mem.) at 10. Thus, Jedi will be prejudiced with unnecessarily broader discovery.

### D. Perry's "Alternative" Request For Leave To Amend Should Be Denied

Jedi acknowledges that the Court has broad discretion under Rule 15(a) to grant or deny Perry's request for leave to amend. But Perry has already amended its pleadings once as a matter of course under Rule 15(a)(1)(B). *See* Dkt. No. 22 (Perry's Resp. Mot. Dismiss). Leave to amend, yet again, is not warranted. Perry argues that it should be granted leave because Jedi's pre-motion correspondence indicated its willingness to consent to an amended pleading. Dkt. No. 39 (Perry Mem.) at 15. But Perry omits that Jedi's offer was premised on Perry amending *by agreement* in response to Jedi's letter (and solely amending the responses at issue). Dkt. No. 33-1 (Sept. 11, 2020 letter Jedi to Perry) at 2. Jedi clearly stated that it would move to strike if Perry refused to so

9

amend. *Id.* Perry did not agree to amend, instead disagreeing with Jedi's assessment and employing delay tactics like requesting that Jedi provide specific concerns about particular responses, when that was exactly what Jedi already provided. *Id.*; Dkt. No. 33-2 (Sept. 15, 2020 letter Perry to Jedi) at 2. Perry had its chance to amend and declined; it should not have its cake and eat it too.

Perry also requests that "if the Court finds that Perry did not expressly admit or specifically respond to a particular allegation, the Court should find that the Answer has denied it." Dkt. No. 39 (Perry Mem.) at 16. Perry provides no legal support for this request, which basically asks the Court to amend its Answer for it by judicial order. This relief is not justified. As set forth above herein, Perry's general denial in the preamble of its Answer cannot "right the ship" by serving as a single catchall denial for a 20-page Answer to Jedi's 134 paragraph counterclaim. Deeming Perry's documents "speak for itself" responses admitted would not be "draconian," as Perry complains. Perry lodged the non-responsive document "speaks for itself" at its own peril. The Rules clearly provide that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). Lastly, Perry cites cases granting leave to amend pleadings to correct improper document "speak for itself" responses, but Perry fails to point to any analysis granting leave after the party was asked, but refused, to amend before motion practice. Leave to amend should be denied.

### III.   CONCLUSION

For these reasons, Jedi respectfully requests that the Court grant its motion, strike Perry's responses at paragraphs 31, 37, 39, 41, 43, 46, 49, 50, 55, 56, 76, 78, 79, 81, 83, 85, 86, 103, 104, 106, 107, 108, and 113 of its Answer, and deem the corresponding allegations admitted.

Dated: October 9, 2020 Respectfully submitted,



Brian E. Haan (*admitted pro hac vice*)
bhaan@leesheikh.com
Ashley E. LaValley (*admitted pro hac vice*)
alavalley@leesheikh.com
Dragan Gjorgiev (*admitted pro hac vice*)
dgjorgiev@leesheikh.com

LEE SHEIKH MEGLEY & HAAN LLC
111 West Jackson Boulevard, Suite 2230
Chicago, IL 60604
312-982-0070

*Attorneys for Defendant, Jedi Technologies, Inc.*

11

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 9, 2020 the foregoing:

### **DEFENDANT JEDI TECHNOLOGIES, INC.'S**
### **REPLY IN SUPPORT OF ITS MOTION TO STRIKE**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification

of such filing to the following counsel of record:

>Brett Charhon
>bchargon@ccrglaw.com
>Steven Callahan
>scallahan@ccrglaw.com
>Mitchell Reed Sibley
>msibley@ccrglaw.com
>CHARHON CALLAHAN ROBSON & GARZA, PLLC
>3333 Lee Parkway, Suite 460
>Dallas, Texas 75219
>
>*Counsel for Plaintiff Perry Street Software, Inc.*

_____
LEE SHEIKH MEGLEY & HAAN
*Counsel for Jedi Technologies, Inc.*