# CHARHON CALLAHAN ROBSON & GARZA, PLLC
### ATTORNEYS AND COUNSELORS AT LAW

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
Steven Callahan
scallahan@ccrglaw.com
DOC #: _____
DATE FILED: 10/22/2020

3333 Lee Parkway  
Suite 460  
Dallas, Texas 75219

Direct Dial: (469) 587-7240  
Facsimile: (214) 764-8392

October 22, 2020

*[Handwritten note: 10/22/2020 — The order permits discovery, but it must take place within the 30 days. So get notice of depo out — anticipated 3 day. W]*

**By ECF and By Hand Delivery**

The Honorable Colleen McMahon  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007-1312

RE: *Perry Street Software, Inc. v. Jedi Technologies, Inc.*,  
Case 1:20-cv-04539-CM (S.D.N.Y.)

Dear Chief Judge McMahon:

Perry Street Software, Inc. ("Perry") seeks clarification regarding whether the Court's October 14, 2020 Memorandum Decision and Order (ECF No. 49) (the "Order") allows discovery concerning the arbitrability issue and whether the Order contemplates any further briefing.

**MEMO ENDORSED**

### I. Arbitrability Discovery Is Appropriate

The Order concludes (at 15) by stating that the arbitration is stayed "pending full litigation of the request for a permanent injunction" which "requires the presentation of evidence—specifically, evidence about what Jedi's lawyer did and why he did it[.]" The Order found that, because evidence was necessary, "the *parties* have 30 days to *develop* and *submit* evidence in support of the motion for a permanent injunction (stay) and the cross-motion to compel."[1] (emphases added).

Perry interpreted the Order—including the Order providing 30 days for the parties to "develop" and "submit" evidence—as allowing Perry to conduct discovery on issues of arbitrability. To that end, Perry wrote Jedi requesting certain discovery. *See* Ex. A (Perry's letter). Jedi, however, refuses to provide *any* discovery. *See* Ex. B (Jedi's response). The parties met and conferred by telephone on October 21, 2020, but could not reach any agreement.

Perry respectfully submits that discovery is appropriate. In several places, the Order recognizes that the arbitrability issue is fact intensive. For example, the Order states, "[Jedi] fails to accompany [its] authority with the *evidence* that is needed to resolve what is *ultimately a question of fact*: what, exactly, was Jedi's lawyer doing when he accessed

---

[1] *See also* Order at 15 ("[F]or the next 30 days proceedings are limited to those necessary to flesh out the record on the pending motions."); *id.* at 2 ("the parties [have] 30 days to complete the record"); *id.* at 3 ("for the next 30 days the parties are limited to fleshing out the record so that the court can finally decide the motion to compel").

The Honorable Colleen McMahon
October 22, 2020
Page 2

SCRUFF and agreed to the TOS, and why was he doing it?" *Id.* at 2 (emphases added); *id.* at 12 ("This *lack of evidence* to support Jedi's argument is in stark contrast to the facts in the cases it cites.") (emphasis added); *id.* at 13 ("[T]he resolution of such *factual questions* depends on the *submission of evidence. That evidence is missing here.*") (emphases added). The Court's Order specifically contemplates the parties developing and submitting evidence, and allows 30 days to obtain and submit such evidence. Contrary to Jedi's reading of the Order, the Order does not provide that only Jedi would have the opportunity to submit a declaration from its attorney (as Jedi has now done, *see* ECF No. 52) without subjecting itself to any discovery.

Here, the evidence that the Court found necessary to resolve the arbitrability issue is uniquely in Jedi and its attorney's possession—e.g., evidence concerning what Jedi authorized its attorney to do and why Jedi's attorney signed up for Perry's app and agreed to Perry's Terms of Service. Order at, e.g., 10, 15. Courts recognize that discovery on the arbitrability issue is typically allowable or necessary. *See, e.g., Lismore v. Societe Generale Energy Corp.*, 11-CV-6705, 2012 WL 3577833, at *1 (S.D.N.Y. Aug. 17, 2012) ("[i]n a typical motion to compel arbitration . . . some discovery may be allowable or necessary"); *Accardo v. Equifax, Inc.*, 18-CV-5030, 2019 WL 5695947, at *6 (E.D.N.Y. Aug. 9, 2019) (same); *Alvarez v. T-Mobile USA, Inc.*, 822 F. Supp. 2d 1081, 1085 (E.D. Cal. 2011) ("With respect to the first threshold issue, formation of an agreement, Alvarez is entitled to discovery."); *see also* 9 U.S.C. § 4 (contemplating summary trial by court or jury where "the making of the arbitration agreement [is] in issue").

Accordingly, Perry seeks the deposition of Brian Haan (Jedi's attorney who signed up for Perry's app) and Jedi's principal (Benjamin Baker). Perry also seeks limited categories of documents relating to the key issues implicated by the Court's Order. *See* Ex. A at 1-2 (requesting six categories of documents).

The requested deposition of Mr. Haan will allow Perry to explore the statements in Mr. Haan's recently filed declaration, including statements regarding Jedi's retention of Mr. Haan's law firm (ECF No. 52-1 ¶ 4), whether Mr. Haan was conducting a Rule 11 investigation to file a lawsuit (as opposed to an investigation to attempt to license Jedi's patent on Jedi's behalf) (*id.* ¶ 11), what Jedi authorized Mr. Haan to do (*id.* ¶ 11), whether Mr. Haan created a "personal profile and account" as opposed to an account for Jedi (*id.*),[2] and whether Mr. Haan had authority to agree to Perry's Terms of Service on Jedi's behalf (*id.* ¶ 14). The requested deposition of Mr. Baker (Jedi's principal) will similarly develop evidence concerning Jedi's actions—including what Jedi authorized Mr. Haan to do, what Jedi knew about Mr. Haan's investigation, the purpose of Jedi's pre-suit letter to Perry, and whether Jedi itself signed up for Perry's app—and the Court will benefit from hearing from Jedi directly as presently no record evidence exists from Jedi.

The documents Perry seeks will also shed light on the key factual questions implicated by the pending arbitrability motion. Jedi's attorney-client retention agreement will

---

[2] Mr. Haan did not use his own name when creating the account, but rather "jediscruff"—suggesting an investigation conducted on Jedi's behalf. *See* ECF No. 38-1, Silverberg Decl. ¶¶ 12-13.

The Honorable Colleen McMahon
October 22, 2020
Page 3

show what Jedi authorized its attorneys to do on Jedi's behalf; drafts of and communications concerning Jedi's pre-suit letter will shed light on whether Jedi contemplated litigation as opposed to only licensing (the same is true regarding whether any pre-suit draft complaints exist); time sheets or invoices will presumably address the "litigation" v. "licensing" issue; documentation regarding Perry's apps would also bear on this issue; and other pre-suit communications sent by Jedi's attorney to third parties will similarly show whether Jedi intended solely to license its patent (as it represented to Perry pre-suit)[3] or intended to bring a patent-infringement lawsuit.

Jedi may argue that the requested discovery is privileged. But the requested discovery is either not privileged or Jedi waived any otherwise applicable privilege by submitting Mr. Haan's declaration. *See, e.g., In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1301 (Fed. Cir. 2006) ("[W]hen a party defends its actions by disclosing an attorney-client communication, it waives the attorney-client privilege as to all such communications regarding the same subject matter."); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("[T]he privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications."); *Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Alcoa S.S. Co.*, 232 F.R.D. 191, 199 (S.D.N.Y. 2005) ("Fairness considerations may also come into play where the party asserting the privilege makes factual assertions, the truthfulness of which may be assessed only by an examination of the privileged communications or documents.") (citation and quotations omitted). But, at a minimum, a privilege claim is not sufficient to preclude discovery—e.g., if Jedi asserts privilege over any document, it should provide a privilege log to allow the parties and (if necessary) the Court to assess the privilege claim.

## II.   A Further Briefing Schedule Is Appropriate

The Court should also allow supplemental briefing. Perry proposed a briefing schedule to Jedi, *see* Ex. A at 2, but Jedi refused to agree to any further briefing other than briefing address Jedi's "waiver" argument, *see* Ex. B. Because the Order contemplates the parties developing and submitting new evidence—and, indeed, Jedi has already submitted a declaration in support of its arbitrability arguments—Perry respectfully requests the opportunity to submit further briefing on the arbitrability issue to address the new evidence. Due-process considerations counsel in favor of allowing the parties an opportunity to be heard on the new evidence.

\* \* \* \* \*

---

[3]   *See* ECF No. 38-2 (Jedi's May 28, 2020 letter at 4) (Mr. Haan representing to Perry that Jedi "would like to enter into a *license agreement* with Perry" and "[a]t the present time, Jedi's *sole objective is to initiate business discussions* with Perry Street Software about obtaining rights under Jedi's patent portfolio and a possible business collaboration.") (emphases added). The letter thus directly contradicts the claim that Mr. Haan signed up for Perry's app to bring a lawsuit against Perry or satisfy a Rule 11 obligation. In fact, Perry (not Jedi) filed this lawsuit, and Jedi only filed a counterclaim against Perry in response to Perry's amended complaint. Jedi filed that counterclaim over four months after Mr. Haan agreed to Perry's Terms of Service.

The Honorable Colleen McMahon
October 22, 2020
Page 4

      For these reasons, Perry respectfully requests that the Court (i) order Jedi to provide Perry's requested discovery and (ii) allow the parties to submit further briefing addressing the evidence developed and submitted by the parties.

                                        Respectfully submitted,

                                        */s/ Steven Callahan*

                                        Steven Callahan
                                        *Counsel for Plaintiff*
                                        *Perry Street Software, Inc.*

Cc:   All Counsel of Record (by ECF)