# LEE SHEIKH MEGLEY & HAAN

111 West Jackson Boulevard, Suite 2230
Chicago, Illinois 60604

(312) 982-0070
_____
www.leesheikh.com

Brian E. Haan
Direct Dial:  (312) 982-0064                                                                   bhaan@leesheikh.com

October 22, 2020

The Honorable Colleen McMahon
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:    ***Perry Street Software, Inc. v. Jedi Technologies, Inc.***
       **Civil Action No. 1:20-cv-04539(CM)**

Dear Judge McMahon:

Jedi Technologies, Inc. ("Jedi") respectfully seeks clarification of today's Order terminating Perry's Letter Motion to Compel. Dkt. No. 54. Specifically, Jedi seeks clarification on the scope of permitted discovery, as well as whether the Court's memo endorsement permitted Perry's request for further briefing. Though Perry has not served formal discovery requests, Jedi opposes Perry's informal requests for discovery in its October 15, 2020 letter attached to its Letter Motion (Docket No. 53-1) as improper and unwarranted for the reasons set forth briefly below.

With respect to additional briefing on Jedi's Motion for a Preliminary Injunction Enjoining or Staying Arbitration (Dkt. Nos. 34-36) and Perry's Motion to Compel Arbitration and Stay the Case (Dkt. Nos. 37-38), Jedi opposes the lengthy, 60-page, briefing schedule requested by Perry. At this time, Jedi merely seeks leave to submit 5 pages of additional briefing regarding Perry's waiver of its right to any arbitration.

**I.     Perry's Broad Requests for Discovery Constitute Improper Satellite Litigation**

Jedi does not interpret the Court's October 14, 2020 Memorandum Decision and Order (Dkt. No. 49) (the "Order") as allowing the broad, open-ended discovery Perry is seeking in its October 15, letter (Dkt. No. 53-1). Rather, the Court provided the parties with 30 days "to develop and submit evidence in support of the motion for a permanent injunction (stay) and the cross-motion to compel." Dkt. No. 49, Order, at 15. When read in the context of the entire Order, Jedi understood that the Court was seeking an affidavit from me (Brian Haan) stating whether I accessed the SCRUFF application for Rule 11 purposes, which Jedi submitted to the Court earlier this week, Dkt. No. 52, Notice of Submission of Evid.  *See* Order at 2 (discussing "evidence that is needed to resolve what is ultimately a question of fact: what, exactly, was Jedi's lawyer doing when he accessed SCRUFF and agreed to the TOS, and why was he doing it?"); *id.* at 11 ("Jedi does not accompany this

Honorable Colleen McMahon
October 22, 2020
Page 2

assertion with an affidavit from Mr. Haan attesting to the alleged fact that he was carrying out his Rule 11 obligations when he signed onto the app."); *id.* at 13 ("That affidavit is precisely what is missing here."); *id.* at 14 ("[I]t is likely that Jedi would prevail on the merits of an application for permanent injunctive relief if the record were fully fleshed out – if it provides evidence that its lawyer signed up for SCRUFF for Rule 11 purposes.").

The overly broad discovery Perry is seeking is highly objectionable and goes well beyond facts or materials relevant to the narrow outstanding issue before the Court—namely, whether or not I was investigating Perry's SCRUFF app under my Rule 11 obligation. Perry is evidently using the Court's Order to engage in a fishing expedition in an effort to find new theories under which to pursue its flawed arbitration claim. Nearly all of Perry's requests seek documents and communications pertaining to the law firm's Rule 11 investigation that are plainly protected by attorney-client privilege or work product immunity. *See* Fed. R. Civ. P. 26(b)(3)A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative…"). Any alleged relevance of such Rule 11 prefiling investigation materials must be weighed against the considerable burden and expense to Jedi of evaluating, logging, redacting, and/or producing materials of this nature, especially on an expedited basis. Fed. R. Civ. P. 26(b)(1). If the Court believes any of these materials are pertinent to the issue at hand, such as Jedi's fee agreement with the law firm, Jedi is willing to submit them for *in-camera* review. Production to Perry is not warranted.

The same holds true for Perry's requests for my, Jedi's and the inventor's (Mr. Ben Baker) deposition to explore the details of my Rule 11 investigation. In the Second Circuit, depositions of opposing counsel are disfavored. *KOS Building Grp., LLC v. R.S. Granoff Architects, P.C.*, 2020 WL 1989487, at *3 (S.D.N.Y. Apr. 24, 2020) (citing *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71 (2d Cir. 2003)). This is because depositions of counsel "are likely to have a disruptive effect on the attorney-client relationship and on the litigation of the case." *Id.* (quoting *Shaub & Williams, L.L.P. v. Augme Techs., Inc.*, 2014 WL 1033862, at *5 (S.D.N.Y. Mar. 17, 2014)). A deposition of Jedi or Mr. Baker to explore my Rule 11 investigation is likewise inappropriate and, in any event, is unnecessary, and cumulative in light of my Declaration. Dkt. No. 52, Notice of Submission of Evid.

Jedi has not waived the attorney-client privilege or work product immunities. My declaration affirming that a Rule 11 investigation took place prior to the May 28, 2020 letter and accompanying claim chart does not disclose (or waive) any attorney client privileged communications or accompanying work product. Moreover, discovery relating to a patentee's prefiling investigation is only warranted in extraordinary circumstances, which Perry has failed to show here. Fed. R. Civ. P. 11, Notes of Advisory Committee on Rules—1983 Amendment (discussing the scope of sanction proceedings and stating that "discovery should be conducted only by leave of the court, and then only in extraordinary circumstances"); *Vasudevan Software, Inc. v. Int'l Business Machines Corp.*, 2011 WL 940263, at **4-6 (N.D. Cal. Feb. 18, 2011) (denying accused infringer's motion to compel patentee to produce discovery into patentee's prefiling investigation absent showing of extraordinary circumstances); *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, 2013 WL 7853448, at **1-2 (E.D. Tex. July 22, 2013) (denying infringers' motion to compel patentee to

respond to an interrogatory directed towards pre-filing investigation based on work product immunity).

Perry's case law in support of its privilege and work product waiver arguments is inapposite as each involves alleged waivers based on reliance on advice of counsel, which is not the issue at bar. *In re EchoStar Communications Corp.* involved the advice-of-counsel defense to allegations of willful infringement and the scope of any attendant waiver of privilege or work product. 448 F.3d 1294 (Fed. Cir. 2006). *United States v. Bilzerian* was a securities laws violation case that examined the propriety an evidentiary instruction at trial on the waiver of the criminal defendant's privilege with his attorney if he testified regarding his good faith belief regarding the legality of his actions. 926 F.2d 1285, 1292 (2d Cir. 1991). Lastly, *Am. S.S. Owners Mut. Prot. & Indem. Assn, Inc. v. Alcoa S.S. Co.* was an indemnity insurance case addressing whether a party waived privilege by disclosing sixteen opinions of counsel for purposes of the discovery of other, unproduced opinions. 232 F.R.D. 191, 199-200 (S.D.N.Y. 2005).

Perry also requests all communications sent from Jedi's counsel to any third party concerning the licensing of any patent owned by Jedi or accusing or suggesting that any third party infringes any patent owned by Jedi. These communications are entirely irrelevant to the issues before the Court in the pending motions. Perry contends that such communications will show whether Jedi intended solely to license its patent or intended to bring a patent-infringement suit. But this distinction is immaterial. When sending licensing letters, patentees subject themselves to potential declaratory suits, such as the one Perry filed here. *See Sony Electronics, Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271, 1285-86 (Fed. Cir. 2007) (finding declaratory judgment jurisdiction even without direct threat of suit). Therefore, before initiating licensing discussions, Jedi needed to be prepared to file a compulsory counterclaim, in addition to its own potential suit if licensing discussions failed. *View Eng'g Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). And, Jedi's communications with other licensees or potential licensees would not show one way or another the purpose of Jedi's investigation of *Perry's* infringement. In any event, public records show that Jedi has filed lawsuits for patent infringement in the past, *see, e.g., Jedi Technologies, Inc. v. Clover Inc.*, Case No. 1:19-cv-08003 (N.D. Ill.) and *Jedi Technologies, Inc. v. Ruby Corp. et al.*, Case No. 1:19-cv-06918 (N.D. Ill.), and in fact Perry even alleged Jedi's "litigious nature" in its First Amended Complaint. Dkt. No. 21 at ¶ 14.

## II.   Additional Briefing on the Parties' Pending Motions

Jedi also seeks clarification on whether the Court's Order, Docket No. 54, permitted any additional briefing. Perry has not adequately explained why it believes it is entitled to its proposed full round of briefing (60 pages) on its Motion to Compel, which extends well beyond the Court's 30-day deadline. *See* Dkt. No. 53, Exhibit A at 2. Perry's request is unreasonable and not supported by the Court's October 14, 2020 Order. Perry's due process concerns are illusory. Perry already had 60 pages to support its argument for arbitration in its original Memorandum in Support of its Motion to Compel Arbitration and Stay the Case (Dkt. Nos. 37-38,) Reply in support thereof (Dkt. No. 47), and Opposition to Jedi's Motion to for a Preliminary Injunction Enjoining or Staying Arbitration (Dkt. No. 40). Therefore, Perry's request for extensive additional briefing should be denied.

Honorable Colleen McMahon
October 22, 2020
Page 4

At this time, Jedi merely seeks leave to submit five (5) pages of additional briefing regarding Perry's waiver of its right to any arbitration. In its Order, the Court identified "two salient facts that would seem to bear on the waiver issue." See Dkt. No. 49, Order, at 2. The Court then stated that "[i]f Jedi chooses to pursue the issue of waiver, it can be dealt with when the motion to compel is finally decided." *Id.* at 3; *see also id.* at 15 n.2 ("If Jedi wishes to pursue this [waiver] argument it needs to brief the question more fully."). Pursuant to the Court's Order, Jedi requests that the Court grant leave for Jedi to file five (5) pages of briefing to supplement its argument that Perry has waived any alleged right to arbitration by filing this lawsuit in light of (1) the provision in the dispute resolution clause in Perry's Terms of Service specifically permitting any party to opt to litigate intellectual property disputes when seeking some form of equitable relief, and (2) at the time it opted to litigate, Perry had available to it all the information from which it would eventually argue that the matter is arbitrable.

**WHEREFORE**, Jedi respectfully requests an order: 1) clarifying the scope of permissible discovery; 2) prohibiting discovery on Rule 11 investigation materials that are protected by the attorney-client privilege and work product immunities; and 3) granting leave to Jedi to file five (5) additional pages of briefing on the specific issue of Perry's waiver of any right to arbitrate. If Your Honor is inclined to permit Perry's broad requests for discovery on Jedi's counsel's Rule 11 investigation, including depositions of litigation counsel and Jedi, or Perry's request for extensive additional briefing in any respect, Jedi respectfully requests an opportunity to discuss these disputed issues with the Court and Perry in conference.

Respectfully submitted,

_____

Brian E. Haan
*Attorney for Defendant-Counterclaim Plaintiff*
*Jedi Technologies, Inc.*

BEH\ck

cc :   All Counsel of Record (by ECF)