# CHARHON CALLAHAN ROBSON & GARZA, PLLC
## ATTORNEYS AND COUNSELORS AT LAW

|  | 3333 Lee Parkway |  |
| --- | --- | --- |
| Steven Callahan | Suite 460 | Direct Dial: (469) 587-7240 |
| scallahan@ccrglaw.com | Dallas, Texas 75219 | Facsimile: (214) 764-8392 |

October 22 , 2020

**By ECF and By Hand Delivery**

The Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> RE:   *Perry Street Software, Inc. v. Jedi Technologies, Inc.*,
>       Case 1:20-cv-04539-CM (S.D.N.Y.)

Dear Chief Judge McMahon:

The Court has now told Jedi *twice* that discovery is allowed on the arbitrability question: the first time with its October 14, 2020 Memorandum Decision and Order (ECF No. 49) and the second time earlier today (ECF No. 54).

Jedi's October 22, 2020 letter recycles the arguments set forth in its October 19, 2020 letter, which Perry attached to Perry's October 22, 2020 letter as Exhibit B and, as such, was before the Court in connection with the Court's October 22, 2020 Order. Jedi's October 22 letter does not come close to establishing that the Court should reconsider its two prior decisions permitting discovery.

For example, Jedi complains that, e.g., "evaluating" or "producing" documents responsive to six categories of requests for production would cause "considerable burden and expense[.]" Letter at 2. This type of conclusory argument—that does not attempt to quantify the requested discovery much less offer evidence concerning purported burden—is not sufficient to preclude discovery.[1]

Nor should the Court credit Jedi's argument that the requested discovery is privi-

---

   [1]   *See, e.g.*, *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984) (requiring "affidavits" or "evidence revealing the nature of the burden") (citing and quoting *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980)); *Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, 09-CV-5087, 2012 WL 1589597, at *5 (S.D.N.Y. May 7, 2012) ("The party seeking a protective order bears the burden of establishing that good cause for the order exists. Good cause is established by demonstrating a particular need for protection. . . . [T]he objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.") (citations and quotations omitted).

The Honorable Colleen McMahon
October 22, 2020
Page 2

leged. For example, is it well established that engagement agreements are not privileged. *See, e.g.*, *Thomas v. F.F. Fin., Inc.*, 128 F.R.D. 192, 194 (S.D.N.Y. 1989) ("[T]he fee arrangement between lawyer and client is not a confidential communication for purposes of the attorney-client privilege. Accordingly, in this instance the privilege does not apply.").[2] Communications sent by Jedi to *third parties* are likewise not privileged. Jedi's cited cases also contemplate allowing discovery into a patent owner's "prefiling investigation" where appropriate, as here. Letter at 2.

Further, Mr. Haan's declaration—wherein he discloses details concerning, among other things, (i) his firm's representation of Jedi, (ii) the actions he took on behalf of Jedi, (iii) his purported Rule 11 investigation, (iv) what the Federal Circuit Court of Appeals has held, (v) his "detailed investigation into the nature and extent of use of Jedi's patented technologies by Perry", (vi) what he did as "part of the pre-filing investigation," (vii) what Jedi did not authorize Mr. Haan to do, and (viii) the "knowledge, information and belief" Mr. Haan "had" from his "investigations"—would serve to waive any otherwise applicable privilege. *Compare* ECF No. 52-1, Haan Declaration; *with* ECF No. 53, Perry's Oct. 22, 2020 Letter at 3 (discussing waiver principles). In no event is Jedi's conclusory privilege claim sufficient to shut down all discovery, as Jedi argues.

In sum, the Court should reject Jedi's attempt to relitigate the discovery issue. The Court should also reject Jedi's request that the Court allow only Jedi to submit a 5-page supplemental brief addressing its "waiver" argument. Letter at 4. Instead, the Court should allow the parties to submit additional briefing concerning the evidence to be developed and submitted in accordance with a schedule and limitations set by the Court.

Respectfully submitted,

Steven Callahan
*Counsel for Plaintiff*
*Perry Street Software, Inc.*

Cc:   All Counsel of Record (by ECF)

---

    2    *See also Priest v. Hennessy*, 51 N.Y.2d 62, 69 (1980) ("The fee arrangements between attorney and client do not ordinarily constitute a confidential communication and, thus, are not privileged in the usual case."); *In re Shargel*, 742 F.2d 61, 62 (2d Cir. 1984) ("We have consistently held that client identity and fee information are, absent special circumstances, not privileged."); *In re Smith*, 14-21261, 2017 WL 1190590, at *6 (Bankr. D. Conn. Mar. 29, 2017) (fee agreement is "unquestionably not [a] privileged attorney-client communication[]"); *F.T.C. v. Cambridge Exch., Ltd.*, 845 F. Supp. 872, 874 (S.D. Fla. 1993) ("Courts have specifically held that billing records, hourly statements, and fee arrangements which do not reveal client communications are not protected by the attorney-client privilege.").