UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PERRY STREET SOFTWARE, INC.,

        Plaintiff,

-against-

                                      No. 20-cv-04539 (CM)

JEDI TECHNOLOGIES, INC.

        Defendant

---

**ORDER**

McMahon, C.J.:

I have received letters from counsel who are making a mountain out of a molehill.

The only discovery required to complete the record in this matter is (if Perry Street chooses to take it) a one hour (no longer) deposition of Mr. Haan, to explore the averrals contained in his recently submitted affidavit – which, if credited, will be sufficient for me to decide to follow the courts that decided *AGCS Marine Ins. Co. v. Hymel & Associates, LLC*, No. 1:16-cv-6899 (GHW), 2017 WL 2729093, at *5 (S.D.N.Y. June 22, 2017) and *VS Tech., LLC v. Twitter, Inc.*, No. 2:11-cv-43, 2011 WL 11074291 (E.D. Va. June 28, 2011), and conclude that Jedi is not bound by the TOS's arbitration clause.

No other discovery is permitted. In particular, there can be NO discovery touching on any particular merits of the underlying patent-infringement issues. There is no need for any document discovery. The only open issue, as far as I am concerned, is whether Mr. Haan was satisfying his Rule 11 obligations – and that can be adequately explored by questioning him about his general practices in connection with patent-infringement cases and about whether his conduct in this case conformed to those general practices or was the product of some special instruction from his client.

I do not need or want additional briefing. I want the transcript of any deposition taken of Mr. Haan. I can decide the motion to compel with that additional information. Any additional issues that were not raised until the reply brief will not be the basis for decision, applying the usual rule that matters first raised on reply are deemed waived. *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993); *see also Cruz v. Zucker*, 116 F. Supp.3d 334, 349 n.10 (S.D.N.Y. 2015).

The Clerk of Court is respectfully directed to remove the motion at Docket Number 55 from the Court's list of open motions.

1

Dated: October 23, 2020

_____

Chief Judge

BY ECF TO ALL COUNSEL