IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/5/2020

PERRY STREET SOFTWARE, INC.,

Plaintiff-Counterclaim Defendant,

v.

JEDI TECHNOLOGIES, INC.

Defendant-Counterclaim Plaintiff.

Case No. 1:20-cv-04539 (CM)

STIPULATION AND [PROPOSED]
CONFIDENTIALITY ORDER

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiff-Counterclaim Defendant Perry Street Software, Inc. ("Perry") and Defendant-Counterclaim Plaintiff Jedi Technologies, Inc. ("Jedi"),[1] collectively referred to as the "Parties," by and through their respective undersigned counsel, hereby stipulate and agree to, and request entry of, the following Stipulation and [Proposed] Confidentiality Order ("Confidentiality Order" or "Order") governing the pre-trial production of information and documents in the above-captioned matter pursuant to Federal Rule of Civil Procedure 26(c)(1):

**1.    Findings:**

The Court recognizes that the Parties to this case may request or produce information involving trade secrets, confidential research and development, or confidential commercial information. If this information is disclosed, it is likely to cause harm to the producing Party. The Court also recognizes that non-Parties may also produce confidential information in this matter. Thus, this Confidentiality Order also seeks to facilitate the production and protection of such information.

---

[1] This filing is subject to and without waiver of Perry's Motion to Compel Arbitration and Stay the Case (ECF No. 37).

2. **Definitions:**

a. "Party" means a named Party in this case. "Person" means an individual or an entity. "Non-Party" means any Person who is not a named Party in the above-captioned matter. "Producer" means a Person who produces information via the discovery process in this case. "Recipient" means a Person who receives information via the discovery process in this case.

b. "Confidential" information is information concerning a Person's business operations, processes, and technical and development information within the scope of Federal Rule of Civil Procedure 26(c)(1)(G), the disclosure of which is likely to harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third Person or to a Court.

c. "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) that is business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third Person or to a Court.

d. "Highly Confidential – Source Code" information is information that includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the disclosure of which is likely to significantly harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third Person or to a Court.

e. Information is not Confidential, Highly Confidential, or Highly Confidential – Source Code if it is disclosed in a printed publication, is known to the public, was known

2

to the Recipient without an obligation of confidentiality before the Producer disclosed it, or is or becomes known to the Recipient by means not constituting a breach of this Order. Information is likewise not Confidential, Highly Confidential, or Highly Confidential – Source Code if a Person lawfully obtained it independently of this litigation.

3. **Designation of information as Confidential, Highly Confidential, or Highly Confidential – Source Code:**

   a. A Person's designation of information as Confidential, Highly Confidential, or Highly Confidential – Source Code means that the Person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

   b. A Person designates information in a document or thing as Confidential, Highly Confidential, or Highly Confidential – Source Code by clearly and prominently marking it on its face as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE." A Producer may make documents or things containing Confidential, Highly Confidential, or Highly Confidential – Source Code information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the Producer causes copies of the documents or things to be marked as Confidential, Highly Confidential, or Highly Confidential – Source Code before providing them to the Recipient.

   c. A Person designates information in deposition testimony as Confidential, Highly Confidential, or Highly Confidential – Source Code by stating on the record at the deposition that the information is Confidential, Highly Confidential, or Highly Confidential – Source Code or by advising the opposing Party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information

is Confidential, Highly Confidential, or Highly Confidential – Source Code. Prior to the expiration of fourteen days after receipt of the deposition transcript, the deposition transcript shall be treated as Highly Confidential.

d. A Person's failure to designate a document, thing, or testimony as Confidential, Highly Confidential, or Highly Confidential – Source Code does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony. A Person that inadvertently or unintentionally produces material without designating it as Confidential, Highly Confidential, or Highly Confidential – Source Code may request destruction of that material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

e. A Person who has designated information as Confidential, Highly Confidential, or Highly Confidential – Source Code may withdraw the designation by written notification to all Parties in the case.

f. If a Party disputes a Producer's designation of information as Confidential, Highly Confidential, or Highly Confidential – Source Code, the Party shall notify the Producer in writing of the basis for the dispute, identifying the specific document(s) or thing(s) as to which the designation is disputed and proposing a new designation for such materials. The Party and the Producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen

Case 1:20-cv-04539-GM Document 58 Filed 11/04/20 Page 5 of 19

day period the Producer files a motion with the Court to maintain the Producer's designation. The Producer bears the burden of proving that the information is properly designated as Confidential, Highly Confidential, or Highly Confidential – Source Code. The information shall remain subject to the Producer's Confidential, Highly Confidential, or Highly Confidential – Source Code designation until the Court rules on the dispute. A Party's failure to contest a designation of information as Confidential, Highly Confidential, or Highly Confidential – Source Code is not an admission that the information was properly designated as such.

4. **Use and Disclosure of Confidential, Highly Confidential, or Highly Confidential – Source Code information:**

a. Confidential, Highly Confidential, and Highly Confidential – Source Code information may be used exclusively for purposes of this litigation, subject to the restrictions of this order.

b. Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Confidential information to any Person other than the following: (i) a Party's outside counsel of record and their employees, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a Party's in-house counsel; (iii) a Party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) independent litigation support services, including graphics or design services, jury or trial consulting services, photocopiers, electronic discovery vendors, stenographers and videographers recording testimony; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a Party retains for purposes of this litigation;

and (vi) the Court and personnel assisting the Court, including any mediator appointed by the Court or agreed to by the Parties.

c. Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Highly Confidential or Highly Confidential – Source Code information to any Person other than those identified in paragraph 4(b)(i), (iv), (v), and (vi) and, with respect to Highly Confidential – Source Code information, subject to the additional restrictions in paragraph 4(d)(v) below on the number of experts/consultants.

d. For information designated Highly Confidential – Source Code, the following additional restrictions apply:

(i) Access to a Party's Highly Confidential – Source Code information shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (a) a printer, or (b) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs (viii and xi) below. Additionally, except as provided in paragraph xi below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel or another location mutually agreeable to the Parties.

(ii) The receiving Party shall provide to the producing Party a list of commercially available software tools that may reasonably aid in the receiving Party's inspection of the Source Code Material. Upon any such reasonable request, the producing party shall install the software tools on the stand-alone computer(s) prior to the receiving Party accessing the Source Code

6

> Material. The receiving Party shall keep a paper log indicating the names of any individuals inspecting the Source Code Material and dates and times of inspection, and the names of any individuals to whom paper copies of portions of Source Code Material are provided. The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(iii) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) for access only by stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

(iv) The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) for access only by stand-alone computer(s) as described above.

7

  (v)  Access to material designated Highly Confidential – Source Code shall be limited to three (3) outside consultants or experts[2] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such information pursuant to paragraph 4(b)(v) above. Each person authorized to access Highly Confidential – Source Code may use a laptop computer for the sole purpose of typing notes related to source code review; provided, however, that said laptop may not be used for picture taking or video recording, and provided further that, outside of the inspection, such notes are securely stored on the laptop by the receiving Party in a manner consistent with the provisions of this Order. During review of Highly Confidential – Source Code, the receiving Party shall be entitled to take notes relating to the Highly Confidential – Source Code. If any individual inspecting the producing Party's source code seeks to take notes on hardcopy paper, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No other electronic devices shall be permitted in the secure room, including but not limited to laptops, tablets, flash drives or other portable storage, smartphones, telephones, cameras, voice or video recorders, or stenography machines. Nor shall any non-electronic devices capable of similar functionality be permitted in the secure room. No copies of all or any portion of the Highly

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

8

Confidential – Source Code may leave the room in which the Highly Confidential – Source Code is inspected except as otherwise provided in paragraphs viii, x, and xi, below. Further, no other written or electronic record of the Highly Confidential – Source Code is permitted except as otherwise provided in paragraphs viii, x, and xi, below. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the source code documents ("Source Code Documents") are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

vi. To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as Highly Confidential – Source Code or (2) those pages containing quoted Source Code Material will be separately stamped and treated as Highly Confidential – Source Code.

vii. Except as set forth in paragraph xi below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.

viii. The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "Highly Confidential – Source Code," and

9

the receiving Party shall maintain a log of all such files that are printed or photocopied. The receiving Party shall not print any continuous block of source code that results in more than 20 pages, or an aggregate total of 600 pages. Any printed portion that consists of more than 20 pages of a continuous block of source code, or an aggregate total of more than the greater of 600 pages, shall be rebuttably presumed to be excessive. The receiving Party may seek to print code over the above limits by agreement reached through a good faith meet-and-confer process. If no agreement can be reached through the meet-and-confer process, the receiving Party may seek relief from the Court, with the burden on the receiving Party to demonstrate the need for such additional printed copies. The excerpts to be printed shall be printed in no smaller than twelve (12) point font. For each printout, the receiving Party shall print an additional copy to be provided to the producing Party.

ix. Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "Highly Confidential – Source Code" and shall continue to be treated as such.

x. If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (a) the Court for any proceedings(s) relating

10

to the Source Code Material, for the dates associated with the proceeding(s); (b) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (c) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition).

    xi.    A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 4(c) above to another person authorized under paragraph 4(c) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet except as provided herein. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 4(d)(x) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

e.    A Party may not disclose Confidential, Highly Confidential, or Highly Confidential – Source Code information to an expert or consultant pursuant to paragraph 4(b) or 4(d)(v) of this Order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The Party obtaining the undertaking must serve it on all other Parties within ten days after its execution. At least ten days before the first disclosure of Confidential, Highly Confidential, or Highly Confidential – Source Code information to

11

an expert or consultant (or member of their staff), the Party proposing to make the disclosure must serve the Producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the Producer has good cause to object to the disclosure, it must serve the Party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the Parties resolve the dispute within ten days after service of the objection, the Producer must move the Court within ten days after service of the objection for a ruling, and the Confidential, Highly Confidential, or Highly Confidential – Source Code information may not be disclosed to the expert or consultant without the Court's approval.

f.  Notwithstanding paragraphs 4(a) and (b), a Party may disclose Confidential or Highly Confidential information to: (i) any employee or author of the Producer; (ii) any person, no longer affiliated with the Producer, who authored the information in whole or in part; and (iii) any Person who received the information before this case was filed.

g.  A Party who wishes to disclose Confidential or Highly Confidential information to a Person not authorized under paragraph 4(b) or 4(c) must first make a reasonable attempt to obtain the Producer's permission. If the Party is unable to obtain permission, it may move the Court to obtain permission.

h.  If a Recipient of Confidential, Highly Confidential, or Highly Confidential – Source Code information receives compulsory process (*e.g.*, subpoena) commanding production of documents, electronically stored information, or things containing a Producer's Confidential, Highly Confidential, or Highly Confidential – Source Code information, the Recipient must promptly notify the Producer to allow the Producer the opportunity to seek a remedy regarding any anticipated disclosure.

12

5.     **Prosecution Bar:**

Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's material that is designated Highly Confidential and/or Highly Confidential – Source Code (collectively, "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patent-in-suit (*see, e.g.*, U.S. Patent No. 10,164,918 B2 at col. 3:8-16) on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

This paragraph shall not apply to proceedings before the Patent Trial and Appeals Board with respect to any inter partes review, post-grant review, or covered business method review; provided, however, that in no event shall the patent owner (or its attorney) whose patent(s) is challenged in such a proceeding use a designating Party's HIGHLY SENSITIVE MATERIAL for the purpose of drafting or amended claims, nor shall any attorney obtaining access to the designating Party's HIGHLY SENSITIVE MATERIAL participate in drafting or amending claims in any such proceeding.

13

## 6. Third Parties:

To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend that the discovery sought involves trade secrets, confidential business information, or other proprietary information, then the Third Parties may designate as Confidential, Highly Confidential, or Highly Confidential – Source Code any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "Confidential" in accordance with this Order.

## 7. Inadvertent Disclosure:

Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return or destruction of such documents, information or other material by promptly notifying the recipient(s) and promptly providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other

14

material to the producing Party, except for any copies that cannot be returned or pages containing privileged or otherwise protected markings by the recipient(s), which copies or pages shall instead be destroyed and certified as such to the producing Party.

**8.     Draft Expert Reports and Expert Communications:**

Draft expert reports and expert communications with counsel and/or a party are not discoverable unless relied on by the expert; notwithstanding the foregoing, details concerning an expert's compensation arrangements and compensation remain discoverable.

**9.     Filing with the Court:**

This Order does not, by itself, authorize the filing of any document under seal. Both Parties will conform to the rules of the Court in filing any document under seal.

**10.    Document Disposal:**

Within sixty days after the conclusion of this case (including any appeals), each Party must destroy or return to the Producer all documents and copies of documents containing the Producer's Confidential, Highly Confidential, or Highly Confidential – Source Code information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing confidential or highly confidential information, other than electronic copies that may be contained within archival backups that are subject to restricted access and are not readily available. The Party returning and/or destroying the Producer's Confidential, Highly Confidential, or Highly Confidential – Source Code information must promptly certify in writing its compliance with the requirements of this paragraph. The Party returning or destroying a Non-Party's materials is not required to provide written certification of its compliance with the requirements of this paragraph unless specifically requested by a Non-Party. Notwithstanding the requirements of this paragraph, a Party and its

15

counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order.

**11. Originals:**

A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the producing Party has it, must be made available to any other Party within ten days after a written request.

**12. Survival of Obligations**:

This Order's obligations regarding Confidential, Highly Confidential, and Highly Confidential – Source Code information survive the conclusion of this case.

**13. Modification:**

Each of the Parties retain the right to file a motion with the Court to modify this Order on a showing of good cause.

**THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER**

The Parties understand that the Court's "so ordering" of this stipulation does not make the Court a Party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the Parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by Parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a Party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the

decision will not be published for ten days. The Parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the Parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the Parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ Ashley LaValley | /s/ Steven Callahan |
| Brian E. Haan (admitted pro hac vice) | Steven Callahan (admitted pro hac vice) |
| bhaan@leesheikh.com | scallahan@ccrglaw.com |
| Ashley E. LaValley (admitted pro hac vice) | Brett Charhon |
| alavalley@leesheikh.com | New York State Bar No. 4770731 |
| Dragan Gjorgiev (admitted pro hac vice) | bcharhon@ccrglaw.com |
| dgjorgiev@leesheikh.com | Mitchell Sibley (admitted pro hac vice) |
| LEE SHEIKH MEGLEY & HAAN LLC | msibley@ccrglaw.com |
| 111 West Jackson Boulevard | CHARHON CALLAHAN |
| Suite 2230 | ROBSON & GARZA, PLLC |
| Chicago, IL 60604 | 3333 Lee Parkway, Suite 460 |
| Telephone: 312-982-0070 | Dallas, Texas 75219 |
| Fax: 312-982-0071 | Telephone: (214) 521-6400 |
| | Telecopier: (214) 764-8392 |
| *Attorneys for Defendant* | |
| *Jedi Technologies, Inc.* | *Attorneys for Plaintiff* |
| | *Perry Street Software, Inc.* |

17

## ORDER

The Court, having reviewed and considered the Stipulation and [Proposed] Confidentiality Order and finding good cause for the entry thereof, HEREBY ORDERS that the Stipulation and [Proposed] Confidentiality Order is approved and shall and does hereby become the Order of this Court.

**IT IS SO ORDERED**, on _5 Nov_, 2020.

_____
**THE HONORABLE COLLEEN MCMAHON**

**Chief Judge of the District Court for the Southern District of New York**

# APPENDIX 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PERRY STREET SOFTWARE, INC., <br><br> Plaintiff-Counterclaim Defendant, <br><br> v. <br><br> JEDI TECHNOLOGIES, INC. <br><br> Defendant-Counterclaim Plaintiff. | Case No. 1:20-cv-04539 (CM) |

**UNDERTAKING OF [*Insert name*]**

I, *[insert person's name]*, state the following under penalties of perjury. I have been retained by *[insert Party's name]* as an expert or consultant in connection with this case. I will be receiving Confidential, Highly Confidential, or Highly Confidential – Source Code information that is covered by the Court's Confidentiality Order dated *[insert date]*. I have read the Court's Confidentiality Order and understand that the Confidential, Highly Confidential, or Highly Confidential – Source Code information is provided pursuant to the terms and conditions in that Order.

I agree to be bound by the Court's Confidentiality Order. I agree to use the Confidential, Highly Confidential, or Highly Confidential – Source Code information solely for purposes of this case. I understand that neither the Confidential, Highly Confidential, or Highly Confidential – Source Code information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's Confidentiality Order. I agree to return the Confidential, Highly Confidential, and Highly Confidential – Source Code information and any notes concerning that information to the attorney for *[insert name of retaining Party]* or to destroy the information and any notes at that attorney's request.

I submit to the jurisdiction of the Court that issued the Confidentiality Order for purposes of enforcing that Order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

Signed: _____ Date: _____

19