UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────X

PERRY STREET SOFTWARE, INC.,

      Plaintiff-Counterclaim Defendant

  -against-                                                  20 Civ. 4539 (CM)

JEDI TECHNOLOGIES, INC.,

      Defendant-Counterclaim Plaintiff.

────────────────────────────────────────X

### SCHEDULING ORDER AND WRITTEN ORDER DENYING STAY

McMahon, C.J.:

      I have the parties' letters of January 22, 2021, setting out competing schedules for dealing with the issues presented by this patent infringement action.

      Given what little I know about the history of the patent-in-suit in other courts (and I do not pretend to know very much), I am going to allow declaratory judgment plaintiff/infringement defendant Perry Street Software, Inc., to make a motion for judgment on the pleadings challenging the validity of Jedi's patent under the Supreme Court's decision in *Alice Corp. v. CLS Bank International*, 573 U.S. 208 (2014). That motion must be made by February 17, 2021. Responsive papers are due by March 17, 2021. Reply papers are due by March 31, 2021.

      If the complaint is not dismissed in response to the motion for judgment on the pleadings, the schedule will be as follows:

      10 days after denial: parties serve preliminary infringement contentions and non-infringement contentions.

      20 days after denial: Perry serves invalidity contentions.

      30 days after denial: parties exchange claim construction terms.

      45 days after denial: to the extent the parties have failed to agree on claim construction, exchange briefs supporting proposed claim constructions, using intrinsic evidence only, together with said supporting intrinsic evidence.

      60 days after denial: parties exchange briefs opposing any claim constructions proposed by their opponent on which there is no agreement, together with said intrinsic evidence.

      The court will then rule on claim construction. I will order additional briefing based on extrinsic evidence if necessary; I will direct that there be a hearing if necessary. In my experience, a hearing is rarely necessary. I do not accept reply briefs on claim construction and the briefs are always exchanged simultaneously, so do not ask to serve reply briefs.

      The claim construction opinion will set further scheduling dates. As with claim construction, you will be on a "rocket docket," and will have no more than 180 days to prepare the case for dispositive motions and/or trial.

      So that there is a written record of the court's oral denial of Perry Street's motion to stay this action pending an appeal from the court's order refusing to compel arbitration; that motion – which is remitted to the court's discretion – *see Motorola Credit Corp. v. Uzan*, 388 F. 3d 39, 54 (2d Cir. 2004) (no automatic stay pending appeal of the denial of a motion to compel arbitration), *see also, Baden Sports, Inc. v. Molten USA, Inc.,* 556 F. 3d 1300, 1304 (Fed. Cir. 2010) (Federal Circuit follows the law of the Circuit in which the district court is located on non-patent issues) – is denied.

      The clerk is directed to remove the motion at Docket 73 from the court's list of open motions.

Dated: January 26, 2021

                                                                            Chief Judge

BY ECF TO ALL COUNSEL