USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/21

# LEE SHEIKH MEGLEY & HAAN

111 West Jackson Boulevard, Suite 2230
Chicago, Illinois 60604

(312) 982-0070

www.leesheikh.com

Brian E. Haan
Direct Dial: (312) 982-0064

bhaan@leesheikh.com

MEMO ENDORSED

March 17, 2021

The Honorable Colleen McMahon
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:  *Perry Street Software, Inc. v. Jedi Technologies, Inc.*
Civil Action No. 1:20-cv-04539(CM)

[Handwritten annotation: 3/18/21 This is not a letter. Motion: we accept motion letter motions.]

Dear Judge McMahon:

Jedi Technologies, Inc. ("Jedi") respectfully moves this Court to take judicial notice of excerpts from the prosecution history of the patent-in-suit, U.S. Patent No. 10,164,918 (the " '918 patent"), which are provided as Exhibits 2-7 in support of Jedi's *Opposition to Plaintiff's Alice Motion For Judgment On The Pleadings*. Dkt No. 80-3 through Dkt. No. 80-8.

"On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.' " *Ferring B.V. v. Serenity Pharmaceuticals, LLC*, 391 F.Supp.3d 265, 275 (S.D.N.Y 2019) (McMahon, J.) (citing *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)). "The Court may properly take judicial notice of official records of the United States Patent and Trademark Office." *Telebrands Corp. v. Del Lab'ys, Inc.*, 719 F. Supp. 2d 283, 287 (S.D.N.Y. 2010).

Courts in this District have taken judicial notice of patent prosecution history documents in the context of motions to dismiss, even where the pleadings did not refer to or incorporate the same. *Jenny Yoo Collection, Inc. v. Watters Design Inc.*, 2017 WL4997838, at *9 n. 11 (S.D.N.Y. Oct. 20, 2017); *Anchor Sales & Marketing, Inc. v. Richloom Fabrics Group, Inc.*, 2016 WL 4224069, at *2 n.1 (S.D.N.Y. Aug. 9, 2016) ("The Amended Complaint does not refer to the '633 Patent's prosecution history. The Court, however, 'may take judicial notice of official records of the [PTO].' ") (citation omitted). In *Ferring B.V.*, this Court found that it could "consider the direct text of all patent applications, including those not appended as exhibits, because those are both incorporated by reference and integral to the Amended Complaint." *Id.* (citing *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010). Under these principles, judicial notice of excerpts from the prosecution history of the '918 patent is proper.

Honorable Colleen McMahon
March 17, 2021
Page 2

    Contemporaneously with this letter, Jedi filed its *Opposition to Plaintiff's Alice Motion For Judgment On The Pleadings*, as well as the Declaration of Brian E. Haan in support of the same with exhibits thereto. Dkt. No. 80; Dkt. No. 80-1. Exhibits 2-7 to the Declaration of Brian E. Haan are excerpts from the prosecution history of the application that issued as the '918 patent. Dkt. No. 80-3 through Dkt. No. 80-8. While these prosecution history excerpts were not attached as exhibits to Jedi's counterclaim, Jedi alleged details of the prosecution of the '918 patent at paragraphs 42-46. Dkt. No. 24, Jedi Answer and Countercl., pp. 43-44, ¶¶42-46. Jedi specifically referred to the non-final and final rejections by the examiner, amendments and arguments by Jedi responding to the examiner's Section 101 rejections, and the reasons for allowance of the '918 patent. *Id.* Exhibits 2-7 that are the subject of this motion include the Information Disclosure Statement submitted by Jedi during prosecution, as well as the non-final and final rejections by the examiner, amendments and arguments by Jedi responding to the examiner's Section 101 rejections, and the reasons for allowance referred to in Jedi's counterclaim at paragraphs 42-46. *Id.*

    For these reasons, Jedi respectfully requests that the Court grant Jedi's request and take judicial notice of excerpts of the prosecution history of the '918 patent submitted contemporaneously herewith at Exhibits 2-7 to the Declaration of Brian E. Haan. Dkt. 80-1; Dkt. No. 80-3 through Dkt. No. 80-8.

Respectfully submitted,

*[signature]*

Brian E. Haan
*Attorney for Defendant-Counterclaim Plaintiff*
*Jedi Technologies, Inc.*

BEH\ck

cc :    All Counsel of Record (by ECF)