

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PERRY STREET SOFTWARE, INC.,

                        Plaintiff,

-against-

JEDI TECHNOLOGIES, INC.,

                      Defendant.

No. 20 Civ. 4539 (CM)

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR EXCEPTIONAL CASE FINDING AND AN AWARD OF ATTORNEY'S FEES**

McMahon, J.:

Before the Court is a motion by Plaintiff Perry Street Software, Inc.'s ("Perry Street" or "Plaintiff") for an "exceptional case" finding and an award of attorney's fees.

For the following reasons, Plaintiff's motion is DENIED.

## BACKGROUND

The Court assumes the parties' familiarity with the parties and underlying facts of this case. (*See* Order and Decision Granting Perry Street's Motion for Judgment on the Pleadings, July 13, 2021, Dkt. 90, at 2-11). The Court restates only the facts most relevant to Perry Street's instant motion for exceptional case finding and an award of attorney's fees as follows.

This dispute began late May 2020 when Defendant Jedi Technologies, Inc.'s ("Jedi" or "Defendant") counsel sent Perry Street a letter accusing its SCRUFF app of infringement of United States Patent No. 10,164,918 (the "'918 patent"). (Dkt. No. 21, Ex. C). Enclosed with the letter was a 92-page "representative claim chart" in which Jedi set forth "what we believe to be extensive use by Perry Street Software of the technologies described and claimed in the'918 patent . . . " (*Id.*

1

at 3). While the letter noted that "Jedi's patents are battle-tested" and that "Jedi has engaged in numerous litigations since 2011 to protect its patented technologies in the online dating industry" (*Id.* at 2), it also affirmed that Jedi's "sole objective is to initiate business discussions with Perry Street Software about obtaining rights under Jedi's patent portfolio and a possible business collaboration." (*Id.* at 4). Jedi noted, "this letter should not be considered a threat or a stated intent to litigate against Perry Street Software." (*Id.*).

Perry Street responded to Jedi's correspondence by filing this action against Jedi on June 12, 2020, seeking a declaration under the Declaratory Judgment Act and 35 U.S.C. § 1, *et seq.*, that Perry Street's app did not infringe on the '918 patent as a matter of law. (Dkt. No. 6). After Jedi filed a motion to dismiss (Dkt. 17), Perry Street filed an amended complaint on July 24, 2020, asserting an additional declaratory judgment claim that asked the Court to declare and order that the parties' dispute must be arbitrated. (Dkt. 21). Perry Street alleged that the parties had to arbitrate their dispute because Jedi's lawyer had signed up for the SCRUFF app to investigate possible infringement, and thus must have agreed to be bound by the app's terms of service, which included a mandatory arbitration provision. (*Id.* at ¶¶ 24, 26).

Upon the filing of the amended complaint, Jedi withdrew its motion to dismiss (Dkt. 23) and answered the amended complaint. (Dkt. 24). Jedi asserted a single counterclaim for patent infringement. (Dkt. 24). Perry then filed a Demand for Arbitration with the American Arbitration Association ("AAA") and notified this Court of the filing of its demand before the AAA. (Dkt. 30). Thereafter, Jedi filed a motion for preliminary injunction to enjoin or stay the AAA arbitration (Dkt. 34), and Perry Street filed a cross-motion to compel arbitration and stay this case pending the conclusion of the arbitration. (Dkt. 37). Perry Street then filed a motion to stay this case pending resolution of its motion to compel. (Dkt. 42).

On October 14, 2020, the Court granted Jedi's motion to enjoin the arbitration preliminarily "until such time as the court can render a final decision on its motion to stay the arbitration permanently and on Perry Street's cross-motion to compel." (Dkt. 49, at 16); *see Perry Street Software, Inc. v. Jedi Techs., Inc.*, No. 20-cv-4539 (CM), 2020 WL 6064158 (S.D.N.Y. Oct. 14, 2020). On December 15, 2020, the Court denied Perry Street's request to compel arbitration. (Dkt. No. 66). *See Perry Street Software, Inc. v. Jedi Techs., Inc.*, No. 20-cv-4539 (CM), 2020 WL 7360470 (S.D.N.Y. Dec. 15, 2020).

On February 17, 2021, Perry Street filed a motion for judgment on the pleadings (Dkt. 77), which this Court granted on July 13, 2021, declaring the '918 patent invalid and dismissing Jedi's counterclaim for patent infringement. (*See* Dkt. 90, at 25). Thereafter, on July 27, 2021, Perry Street moved for an exceptional case finding and an award of attorney's fees.

Perry Street asserts that this case is exceptional because Jedi "alleged that Perry infringed an incredibly weak patent that the Court ultimately invalidated under Section 101 of the Patent Act … ." (Plaintiff's Memorandum of Law in Support of Motion for Exceptional Case Finding and an Award of Attorney's Fees ("Br."), Dkt. No. 93, at 1). Perry Street argues that an exceptional case finding is warranted because "Jedi's litigation position was weak" (*id.* at 8); "Jedi is litigious" and improperly institutes allegedly meritless suits to obtain nuisance settlements or licenses (*id.* at 13); "Jedi caused Perry to needlessly incur attorney's fees" (*id.* at 14); Jedi's lawyer used the SCRUFF app in alleged contravention of the app's terms of service (*id.* at 15, 3 n. 2); Jedi asserted "irrelevant allegations" in its counterclaims to "embarrass Perry" (*id.*); and awarding attorney's fees promotes the public good (*id.* at 16). Perry Street does not seek fees for its motion to compel arbitration but only fees associated with Jedi's counterclaim for patent infringement and estimates its fees at approximately $200,000. (*Id.* at 16)

Defendant Jedi counters in opposition that its positions on Perry Street's patent infringement were "objectively reasonable" and made in good faith in face of "diverse and unpredictable" Section 101 jurisprudence in the Federal Circuit. (Defendant's Memorandum of Law in Opposition to Plaintiff's Motion ("Opp."), Dkt. No. 95, at 10). Jedi points out that it was Perry Street that filed the lawsuit "without good-faith resolution efforts" and – in its view – "complicated and prolonged" the litigation with its claim and motions related to arbitrability of the dispute. (*Id.* at 19-21). Defendant asserts that Jedi is not litigious as Plaintiff claims but has filed no more than 6 lawsuits in its 20-year history (*id.* at 17) and "has resolved patent disputes, both with and without agreements or without resorting to litigation, numerous times over the term of its patent licensing efforts." (*Id.* at 21).

The facts and applicable law compel the finding that this case is not exceptional.

## DISCUSSION

### I. Section 285 Authorizes an Award of Attorney's Fees Only in an "Exceptional" Case

Section 285 of the Patent Act authorizes an award of attorney's fees to a prevailing party in an "exceptional" case. 35 U.S.C. § 285. A decision to award attorney's fees under the Patent Act thus proceeds in two steps. "The district court first determines as a matter of fact whether the case is exceptional. If the case is declared exceptional, the district court then decides whether attorney's fees are appropriate." *Astrazeneca AB v. Dr. Reddy's Laboratories, Ltd.*, No. 07 Civ. 6790(CM), 2010 WL 1375176, at *4 (S.D.N.Y. Mar. 30, 2010) (citing *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1245 (Fed. Cir. 2003)). An "exceptional" case finding is made on a "case-by-case" basis by evaluating "the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

4

An "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* In making this determination, district courts may consider a nonexclusive list of factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (citation omitted). The movant need only establish "exceptional circumstances" under § 285 by a "preponderance of the evidence." *Id.* at 558.

Finally, "it is the 'substantive strength of the party's litigating position' that is relevant to an exceptional case determination, not the correctness or eventual success of that position. A party's position on issues of law ultimately need not be correct for them to not 'stand[ ] out,' or be found reasonable." *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (citing *Octane Fitness*, 572 U.S. at 554).

The "totality of the circumstances" in this case compels a finding that this case is not exceptional. Jedi's defense in this action and manner of litigation was not "objectively unreasonable."

*A. Jedi's Litigation Position Was Not Objectively Unreasonable*

Perry Street claims that this case is "exceptional" because "Jedi's litigation position was weak" and "Jedi lost this case on the pleadings." (Br. at 8). However, losing a case "does not make it 'exceptional.'" *Hockeyline, Inc. v. STATS LLC*, No. 13-cv-1446 (CM), 2017 WL 1743022, at *2 (S.D.N.Y. Apr. 27, 2017). As this Court has noted, "A case is not automatically exceptional because a patent was stricken for obviousness; after all, an obvious patent was originally allowed by a patent examiner." *Id.* Furthermore, "Mere assertions that a party's arguments were without

merit are unavailing; rather, courts are more likely to award fees where a party knew or willfully ignored evidence of its claims' meritlessness…" *Hockeyline, Inc.*, 2017 WL 1743022, at *5 (citing *Small v. Implant Direct Mfg. LLC*, No. 06 CIV. 683 NRB, 2014 WL 5463621, at *3 (S.D.N.Y. Oct. 23, 2014), *aff'd*, 609 Fed.Appx. 650 (Fed. Cir. 2015)). "By contrast, where a party has set forth some good-faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims." *Id.*

Such is the case here. Jedi has at least a good faith argument in favor of its position. Jedi submits that after a court invalidated certain claims of its earlier patents (in *Jedi Techs., Inc. v. Spark Netowrks, Inc.*, 2017 WL 3315279 (D. Del. Aug. 3, 2017)), Jedi submitted the Delaware court's *Spark* decision to the Patent Office for consideration in conjunction with its '918 patent; thereafter, Jedi asserts it overcame the patent examiner's Section 101 concerns in order to obtain the '918 patent, noting that the examiner found that Jedi "explicitly presents reasons why the claims are patentable." (Opp. 3-4). Jedi claims that based on overcoming the patent examiner's concerns despite the *Spark* decision that it believed in good faith that its '918 patent claims "were patentably distinct from its earlier patent and were patent-eligible." (*Id.* at 4). Jedi sets forth further reasons why it believes its position was taken in good faith, and not unreasonable, including that Federal Circuit jurisprudence had found that patent claims directed to improving graphical user interfaces were patent eligible and Jedi reasonably believed claims of the '918 patent fell within this patent eligible category. Although Jedi's claims ultimately failed, Jedi does put forward good faith reasons for its position. (*See* Opp. 3-6).

The fact that Jedi did not ultimately prevail is a hindsight judgment that itself does not evidence objective unreasonableness of Jedi's defense here.

6

*B. Jedi's Manner of Litigation Was Not Unreasonable*

Perry Street asserts that this case is exceptional on the basis that "Jedi is litigious," "caused Perry to needlessly incur attorney's fees," and asserted "irrelevant allegations" in its counterclaims. (Br. at 13-15). Again, the Court disagrees.

Jedi did not litigate this case in an "unreasonable manner." *Octane Fitness, LLC*, 572 U.S. at 554. Jedi did not initiate this lawsuit, and its conduct in this litigation constituted a reasonable defense to the claims and motions brought by Perry Street. (*See supra* Background). This case is not one where the party "engaged in litigation misconduct," or "abused the litigation process and needlessly consumed the scarce time of the court" which would merit an extraordinary case finding. *See Astrazeneca AB*, 2010 WL 1375176, at *9 (finding case exceptional). By contrast, in *Astrazeneca AB v. Dr. Reddy's Laboratories, Ltd.*, this Court found the case exceptional where the lawsuit was entirely frivolous and "supported by absolutely no evidence," yet Astra pressed on through discovery and summary judgment on entirely baseless claims. *Id.* at *4. Astra also ignored this Court's directives, refused to follow orders, and proceeded with its baseless claims in light of overwhelming evidence to the contrary, such that Astra's continued pursuit of the case bordered on sanctionable conduct. *Id.* at *5-6. Similarly, in *Abraskin v. Entrecap Corp.*, this Court found the case exception where "there was no basis for [patent holder] to maintain this action" and yet patent holder continued to pursue case. 55 F.Supp.2d 224, 229 (S.D.N.Y. 1999). This Court admonished in *Abraskin* that "plaintiff's continued prosecution of this case has burdened both defendants and the Court unnecessarily." *Id.*

This case does not come near to the types of conduct the Court has found exceptional in the past. Perry Street argues that Jedi "file[d] motions that did not substantively advance the case" and cites Jedi's motion to dismiss (Br. at 14). But Jedi's motion to dismiss was not obviously

7

frivolous (*see* Dkt. 18) and, in any event, Jedi withdrew its motion before Perry Street was required to file its own brief. (*See* Dkt. 23). Further, Perry Street admits that Jedi agreed to withdraw the "irrelevant allegations" in its counterclaims. (Br. at 15). It was reasonable for Jedi to withdraw the motion to dismiss and reasonable to agree to withdraw "irrelevant allegations" in its counterclaims. Such conduct is not indicative of unreasonable litigation methods or needless pursuit of meritless claims warranting an exceptional case finding.

Perry Street acknowledges it is not seeking fees for the litigation associated with the arbitration-related claims and motions. (*See* Br. at 16). This Court thus need not evaluate Jedi's conduct in relation to the arbitration-related claims and motions.

*C. Jedi Did Not Engage In Abusive Litigation Tactics That Show a Need for Deterrence*

Perry Street fails to make a showing that Jedi pursued an abusive litigation that needs deterrence. Perry Street claims that Jedi should be deterred from "filing additional meritless lawsuits and extracting settlements or licensing fees on clearly invalid patents" (Br. at 14), relying on Jedi's pre-suit letter, but that letter does not support Perry Street's assertion. Rather, the letter states that its "sole objective is to initiate business discussions with Perry Street Software about obtaining rights under Jedi's patent portfolio and a possible business collaboration" and that it "should not be considered a threat or a stated intent to litigate against Perry Street Software." (Dkt. 21, Ex. C, at 4). Jedi did not institute this lawsuit. And Jedi submits by declaration that it has filed no more than 6 lawsuits in its 20-year history. (Opp. at 17 (citing Decl. Baker at ¶¶17)). The Court does not agree that an exceptional case finding is necessary to deter Jedi from pursuing abusive litigation.

*D. Perry Street's Remaining Arguments Do Not Justify An Exceptional Case Finding*

Perry Street's remaining arguments do not justify an exceptional case finding.

8

Perry Street argues that Jedi's lawyer used the SCRUFF app in alleged contravention of the app's terms of service (Br. at 15, 3 n. 2), but the Court has already adjudicated this issue, and found that "the evidence shows that Haan signed up for SCRUFF pursuant to his personal Rule 11 obligations" (Dkt. 66, at 6). That does not justify an exceptional case finding.

Finally, the fact that Perry Street "chose to" litigate this case for the benefit of itself and "other companies" (Br. at 16) does not merit an exceptional case finding. Pursuing this lawsuit was a choice Perry Street made. It prevailed. But there is nothing exceptional about prevailing in a litigation to justify an exceptional case finding and an award of attorney's fees under Section 285 of the Patent Act.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for exceptional case finding and an award of attorney's fees is DENIED.

This constitutes the opinion and order of the court. It is a written opinion. The Clerk is directed to close the motion at Docket #92.

Dated: December 21, 2021

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

9